Charles CLARK, Petitioner,

v.

UNITED STATES POSTAL
SERVICE, Respondent.

No. 92–3203.

United States Court of Appeals,
Federal Circuit.

March 22, 1993.

William B. Hamel, Helms, Cannon, Hamel & Henderson, P.A., Charlotte, NC, argued for petitioner.

Franklin E. White, Jr., Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Deputy Director. Of counsel were Alice L. Covington and Jesse L. Butler. Also on the brief was David G. Karro, Office of Labor Law, U.S. Postal Service, of counsel.

Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.

MICHEL, Circuit Judge.

Charles Clark seeks review of the December 11, 1991, decision of the Merit Systems Protection Board (MSPB or Board), on remand, in Docket No. AT07529010517–1, 51 M.S.P.R. 287 dismissing his appeal from his demotion as untimely. Because the Board did not abuse its discretion in declining to waive the deadline for filing, we affirm. The appeal, however, raises novel preliminary issues concerning adverse actions taken pursuant to last chance settlement agreements, and appeals therefrom.

## BACKGROUND

Mr. Clark was employed as a Supervisor of Mails in the United States Postal Service. On October 20, 1988, the Postal Service gave Mr. Clark a "Notice of Proposed Reduction in Grade and Reassignment," alleging that he had consistently failed to follow instructions and to perform his assigned duties.

On November 26, 1988, before any action was taken, the parties entered into a "last chance" settlement agreement which provided that the proposed reduction in grade would be rescinded if Mr. Clark agreed to follow instructions and to avoid further poor work performance. The agreement also provided that, if Mr. Clark breached the agreement, the reduction in grade would be reinstated and any appeal rights would be waived.

The Postal Service reinstated the reduction by letter, dated January 30, 1990, because petitioner had allegedly breached the agreement. The letter stated that the reduction would be effective no sooner than the beginning of the pay period following petitioner's receipt of the letter (effectively on February 10, 1990), and that petitioner had waived his right to appeal through any "administrative, contractual, or court procedures," pursuant to the terms of the last chance settlement agreement. Accordingly, the letter did not include any notice of appeal rights. For several months, Mr. Clark took no action.

On June 19, 1990, Mr. Clark sought the advice of an attorney. Mr. Clark filed an informal administrative complaint with the Equal Employment Opportunity Commission (EEOC), on June 27, 1990. In it, Mr. Clark challenged his demotion; however, he never filed a formal complaint. Instead, Mr. Clark filed an appeal with the MSPB on July 10, 1990, about four months after the deadline required by 5 C.F.R. § 1201.-22(b) (1992).

In his appeal, Mr. Clark contested the Postal Service's allegations that he breach-

ed the settlement agreement by failing to follow instructions and having poor work performance. Mr. Clark asserted that he did not fail to follow instructions and was not guilty of poor work performance. Mr. Clark also claimed he was discriminated against on the basis of race.

In an initial decision of August 28, 1990, the administrative judge (AJ) noted two threshold issues: jurisdiction and timeliness. After reviewing the record, the AJ dismissed the appeal for lack of jurisdiction, based on Mr. Clark's waiver of his appeal rights in the settlement agreement. The AJ determined that it was unnecessary to address the timeliness issue in view of her finding on jurisdiction. The AJ declined to consider petitioner's assertion that he did not breach the terms of the settlement agreement, stating that this would be tantamount to allowing petitioner to have an appeal on the merits, a right which he clearly waived in the settlement agreement. Petitioner's discrimination claim was dismissed because of the lack of an otherwise appealable action. The AJ's decision became final when neither party petitioned the Board for review. Mr. Clark then filed his petition for review in this court.

On February 21, 1991, while Mr. Clark's appeal was pending before us, this court issued its decision in *Stewart v. United States Postal Serv.*, 926 F.2d 1146 (Fed.Cir. 1991), holding that where an employee raises a nonfrivolous issue of compliance with a last chance settlement agreement in which appeal rights are waived, the Board has jurisdiction to determine compliance with the agreement before addressing the scope and applicability of the appeal rights waiver. *Id.* at 1148. In view of *Stewart*, the Board filed a motion for leave to intervene, which was unopposed by Mr. Clark, and asked that the case be remanded so that the Board could reconsider its decision. The motion was granted on May 8, 1991.

The case was returned to the same AJ who had dismissed Mr. Clark's initial appeal for lack of jurisdiction. In an acknowledgement order dated June 26, 1991, the AJ noted the threshold issue "of com-

pliance with the settlement agreement," and ordered that appellant set forth in writing the factual basis for his assertion that he did not breach the agreement. In the same order, the AJ again noted the issue of timeliness of the appeal and ordered appellant to file evidence and argument showing good cause existed for the delay.

On July 20, 1991, the agency filed a motion to dismiss the appeal as untimely. Under 5 C.F.R. § 1201.22(b), appellant had only 20 days from the day after the effective date of the action to file an appeal, which would have been March 2, 1990. Therefore, the agency argued that Mr. Clark's appeal should be dismissed as untimely because it was not filed until July 10, 1990.

In response to the agency's motion, Mr. Clark argued that the appeal should not be considered untimely because when he received his reduction in grade on February 10, 1990, he was acting *pro se* and first pursued his remedies through the EEOC. It was not until later, he said, that he learned that the MSPB was the proper forum for his complaint.

In her September 6, 1991 decision on remand, the AJ found that appellant had failed to establish good cause for a waiver of the filing deadline. Her basis was that appellant did nothing for more than four months after his demotion became effective on February 10, 1990, until he first sought the advice of an attorney on June 19, 1990. The AJ noted that it was not until shortly after this time that Mr. Clark filed his EEOC action. The AJ also noted that appellant offered no explanation for the four-month period of inaction, and therefore, found that Mr. Clark failed to show due diligence under the circumstances, a prerequisite to establishing good cause for waiver of the filing deadline. The appeal was therefore dismissed. On December 11, 1991, the full Board denied Mr. Clark's petition for review, and the AJ's initial decision became final.

## ISSUES

Mr. Clark now argues that, under our holding in *Stewart*, the Board abused its

discretion in denying him a hearing before dismissing his appeal, because he established good cause for filing late due to the agency's failure to notify him of his appeal rights. *Shiflett v. United States Postal Serv.*, 839 F.2d 669 (Fed.Cir.1988). These arguments raise two issues of first impression: first, does *Shiflett* extend to last chance settlement agreement cases, and second, when is an employee entitled to notice of appeal rights concerning an agency action pursuant to a last chance settlement agreement?

## ANALYSIS

### I.

■ Our scope of review of MSPB decisions requires us to affirm the decision unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (1988). *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987). Petitioner bears the burden of establishing any errors in the agency decision. *Id.*

■ It is well established that the Board's jurisdiction is limited to those actions appealable to it "under any law, rule, or regulation." 5 U.S.C. § 7701(a). Equally well established is the principle that petitioner bears the burden of establishing the Board's jurisdiction. 5 C.F.R. § 1201.-56(a)(2); *Burgess v. Merit Sys. Protection Bd.*, 758 F.2d 641, 642–43 (Fed.Cir.1985).

■ Even if jurisdiction is otherwise shown, the issue of timeliness remains. The regulations require an appeal of a demotion to be filed no later than 20 days after its effective date. 5 C.F.R. § 1201.-22(b). This time limit may be waived by the AJ only if petitioner shows good cause for the late filing. 5 C.F.R. §§ 1201.12 & 1201.22(c). Petitioner bears the burden of establishing good cause. 5 C.F.R. § 1201.-56(a)(2); *Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1391 (Fed.Cir.1982). A decision to waive the time limit is committed to the Board's discretion and this court will not substitute its own judgment for that of the Board. *Turner v. Merit Sys. Protection Bd.*, 806 F.2d 241, 246 (Fed.Cir.1986).

■ Mr. Clark argues that the AJ abused her discretion in not affording him a hearing before the Board on the merits of his case. Our holding in *Stewart* establishes an employee's limited right to be heard on a nonfrivolous factual issue of compliance with a last chance settlement agreement. *Stewart*, 926 F.2d at 1149. Nothing in the *Stewart* case, however, suggests that it is unnecessary also to meet the requirement of timeliness. Common sense also suggests no justification for ignoring the deadline as the employee would know immediately if the agency's assertion of breach of the agreement was untrue.

Because of her findings on the timeliness issue, discussed in the following section, we cannot say that the AJ's denial of a hearing on compliance was arbitrary, capricious, or an abuse of discretion.

### II.

#### A.

■ Petitioner's primary argument on the timeliness issue is that, based on our holding in *Shiflett*, the Board abused its discretion in failing to find that he had shown good cause for filing in July because the agency failed to notify him of his appeal rights in January 1990.

*Shiflett* involved the Postal Service's refusal to reinstate an employee who had recovered from an occupational illness which had resulted in her removal. The denial of reinstatement is a final agency action that is appealable to the Board. The regulations make the appeal right explicit and expressly require the agency to give the non-reinstated employee notice of his or

her appeal rights. 5 C.F.R. § 353.308(a).[1] The agency's letter advising Ms. Shiflett of the denial of reinstatement did not advise her of her appeal rights. She first pursued an administrative grievance, which was ultimately dismissed for lack of jurisdiction. Her appeal to the Board, almost a year after the adverse action, was dismissed as untimely. Although Ms. Shiflett alleged that she had good cause for filing late, the Board did not waive the time limit. In concluding that the Board abused its discretion in failing to find good cause, our court noted, "[t]he critical and controlling fact in this case is ... the flagrant violation of the regulations by the respondent in failing to give petitioner notice of her appeal rights in the form and manner prescribed by the regulations." 839 F.2d at 673.

The facts of the instant case are distinguishable from *Shiflett*. First, the employee's right to appeal in *Shiflett* was clear and well known to the agency as of the time it first acted. In the instant case, in contrast, it was not clear at the time of Mr. Clark's removal that petitioner had a limited right of appeal. That right was made clear in *Stewart*, which was not decided until after the agency had demoted Mr. Clark and Mr. Clark had appealed to the MSPB and then to this court. Therefore, until Mr. Clark's case was remanded from the Federal Circuit or at least until *Stewart* issued, the agency was not aware that Mr. Clark's demotion might be appealable.

Second, in *Shiflett*, there was a regulation facially applicable to petitioner's case expressly requiring the agency to give the employee notice of her right to appeal: "When an agency refuses to restore, or determines that it is not feasible to restore an employee under the provisions of law and this part, it *shall notify the employee in writing* of the reasons for its decision and *of his or her right to appeal* to the Merit Systems Protection Board under the provisions of the Board's regulations." 5 C.F.R. § 353.308(a) (emphasis added). In contrast, there is no regulation expressly requiring an agency to give an employee notice of appeal rights when taking action pursuant to a last chance settlement agreement in which appeal rights have been waived. Therefore, *Shiflett* does not apply to the facts of this case, and the agency's failure to notify Mr. Clark of appeal rights in the January 1990 letter was not improper.

Petitioner asserts that *Shiflett* is not distinguishable because 5 C.F.R. § 1201.21, which generally requires an agency to give an employee notice of his or her appeal rights "on a matter that is appealable to the Board," required the Postal Service to give him notice in this case. As mentioned above, at the time the agency would have given Mr. Clark notice, it was unclear that the action was appealable to the Board. Accordingly, that regulation did not require the Postal Service to give Mr. Clark appeal notice.

## B.

The AJ based her decision that Mr. Clark had not filed his appeal in a timely manner on his failure to take any action for more than four months after his demotion.

1. At the time that *Shiflett* was decided, the regulation provided:

When an agency refuses to restore, or determines that it is not feasible to restore an employee under the provisions of law and this part, it shall notify the employee in writing of the reasons for its decision and of his or her right to appeal to the Merit Systems Protection Board under the provisions of the Board's regulations. The agency shall comply with the provisions of § 1201.21 of this title and shall forward a copy of the notice to the Board.

5 C.F.R. § 353.308(a) (1988). Section 1201.21 provides:

When an agency issues a decision notice to an employee on a matter that is appealable to the Board, the agency must provide the employee with the following:
(a) Notice of the time limits for appealing to the Board, the requirements of § 1201.22(c) [concerning timeliness of appeals], and the address of the appropriate Board office for filing the appeal;
(b) A copy, or access to a copy, of the Board's regulations;
(c) A copy of the appeal form in Appendix I of this part; and
(d) Notice of any right the employee has to file a grievance.

5 C.F.R. § 1201.21 (1992).

The AJ concluded that petitioner did not show the due diligence required to establish good cause for a waiver of the filing deadline. This finding is supported by substantial evidence in the record, and therefore we cannot say that the AJ's decision not to waive the time limit was an abuse of discretion.

Because Mr. Clark has not otherwise shown good cause for his late filing and because neither *Stewart* nor *Shiflett* requires that the AJ have a hearing on compliance with the settlement agreement *before* deciding whether petitioner has proven an excuse for filing late, we must affirm. The Board did not abuse its discretion by its sequencing of the issues for decision. Indeed, in choosing to adjudicate timeliness before compliance, the AJ practiced appropriate trial management and sensible judicial economy. Furthermore, the Board did not abuse its discretion in failing to hold a hearing as to timeliness, because the parties agreed to submit this issue on the written record.

### III.

■ Although 5 C.F.R. § 1201.21 did not require the agency to give notice to Mr. Clark when it demoted him, it could apply in future cases now that *Stewart* has been decided and the limited right to appeal is clear. The question then becomes whether and when *thereafter* the agency became obligated to notify Clark. To answer this question we must decide when an agency is required to give an employee notice of his or her appeal rights under 5 C.F.R. § 1201.21 after taking action pursuant to a last chance settlement agreement in which appeal rights are waived. That issue has never been decided by this court.

In a typical last chance settlement agreement, the employee waives all rights to appeal. Generally speaking, then, there *is* no right to an appeal, assuming that the agreement is valid and enforceable, except to the limited extent allowed by *Stewart.* Under *Stewart,* if a petitioner raises a non-frivolous issue concerning compliance with a last chance settlement agreement, the Board has jurisdiction, but in the first in-

stance only to determine compliance with the settlement agreement. 926 F.2d at 1148. Thus, as the right to appeal is contingent on the employee having made a nonfrivolous allegation concerning compliance with the settlement agreement, the agency's obligation to give the employee notice of his or her appeal right under 5 C.F.R. § 1201.21 must also be contingent upon the employee having provided it with a nonfrivolous allegation concerning compliance with the settlement agreement.

A similar situation exists where an employee voluntarily retires or resigns. Normally, such an employee does not have any right to appeal. 5 C.F.R. § 752.401(b)(9); *Christie v. United States,* 518 F.2d 584, 588–89, 207 Ct.Cl. 333 (1975). However, where the employee makes a nonfrivolous challenge concerning the voluntariness of the retirement or resignation, the Board does have jurisdiction to hear that issue. *Covington v. Department of Health & Human Servs.,* 750 F.2d 937, 944 (Fed.Cir. 1984); *see also Burgess,* 758 F.2d at 643. The holding of *Covington* is thus similar to that in *Stewart. Stewart,* 926 F.2d at 1148.

In cases where the Board would have *Covington*-type jurisdiction, the agency becomes obligated to inform the employee of his appeal rights, only after the employee puts the government on notice that he views his resignation as involuntary. *McCormack v. United States,* 204 Ct.Cl. 371, 380 (1974) (stating that "[a]fter the plaintiff made it sufficiently clear to the Government that he deemed his resignation to be other than voluntary, the Government was required to state in detail the various procedures available to the plaintiff to contest the allegedly adverse action and the remedies available").

Thus, voluntary resignation cases are similar to last chance settlement agreement cases both because of the contingent nature of the appeal right and because of the contingent nature of the agency's obligation to give the employee notice of his or her appeal rights. We therefore adopt a test for agency actions pursuant to last chance settlement agreements similar to

that established in *McCormack*. We hold that an agency taking such action is only required to notify an employee of his or her appeal rights if and when the employee puts the agency on notice that he or she contests the agency's assertion of a breach of the agreement.

That does not mean however, that in every instance where the agency fails to give an employee notice of his or her appeal rights, the AJ reviewing the appeal necessarily would abuse her discretion if she did not waive the time limit for filing as suggested by *Shiflett*. The agency's obligation to give the employee notice of his or her appeal right in *Shiflett* was not contingent upon any action by the employee. In last chance settlement agreement cases, on the other hand, as we held above, the agency's obligation to give notice of appeal rights is contingent on the employee putting the agency on notice that he or she challenges the alleged non-compliance with the agreement.

Because the issue under consideration is whether the AJ abused her discretion by refusing to waive the time limit, this distinction is critical. While the employee in *Shiflett* was in no way responsible for the agency's failure to give the required notice, the employee in this and other last chance settlement agreement cases in fact determines whether the agency must give notice at all. Therefore, the employee's delay in notifying the agency should be factored into the AJ's discretionary decision to waive the time limit. The more the employee delays, the less likely the equities will weigh in his or her favor. After all, the employee should immediately know at the time the agency takes adverse action against him or her whether he or she has a basis to assert non-compliance with the agreement.

It appears from the record in this case that Mr. Clark did not inform the agency that he contested the Postal Service's allegations that he breached the settlement agreement until nearly six months after he

was informed that the agency intended to remove him for breaching the agreement.[2] Thus, even if 5 C.F.R. § 1201.21 had required the agency to give notice at some point in this case, the AJ would not necessarily have abused her discretion in not waiving the delay in filing because of Mr. Clark's delay in notifying the agency that he believed he had complied with the settlement agreement.

## CONCLUSION

Because the Board's findings in this case are supported by substantial evidence and, under the correct legal standards as determined herein, the Board's action is not arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law, we

AFFIRM.

COWEN, Senior Circuit Judge, concurs in the result.

---

2. The agency informed Mr. Clark, by letter dated January 30, 1990, that he would be demoted effective February 10, 1990 for breaching the agreement. Mr. Clark did not allege compliance with the agreement until after his appeal was filed with the MSPB on July 10, 1990.