42 F.3d 1408
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Prescilla D. ZAFIRES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3047.
 United States Court of Appeals, Federal Circuit.
 March 18, 1994.
 
 Before ARCHER, Chief Judge,* MAYER and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Prescilla D. Zafires appeals from a decision of the Merit Systems Protection Board (MSPB or board), Docket No. SE-0831-93-0301-I-1, which dismissed as untimely Ms. Zafires' appeal of a reconsideration decision of the Office of Personnel Management (OPM).** We affirm.
 
 DISCUSSION
 
 2
 Pursuant to 5 U.S.C. Sec. 7703(c) (1988), we have jurisdiction to review a decision of the board to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence.
 
 
 3
 The board found that the reconsideration decision from which Ms. Zafires appealed was issued on April 26, 1993 and that Ms. Zafires' appeal was postmarked on June 3, 1993. The reconsideration decision did not set an effective date, so the filing deadline was twenty-five days from issuance of the reconsideration decision. 5 C.F.R. Sec. 1201.22(b) (1992).
 
 
 4
 The board notified Ms. Zafires that her appeal appeared to have been filed after the time limit and ordered her to submit evidence showing that her appeal was timely filed or that a good reason existed for the delay. See id. Secs. 1201.22(c), .56(a)(2). Ms. Zafires noted in response that she had not received the reconsideration decision until May 10, 1993. The board recognized that a delay in the delivery of the reconsideration decision could constitute a good reason for missing the deadline where the appellant is otherwise diligent in pursuing the appeal. See Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc) ("Delay is excusable where, under the circumstances, a petitioner exercises diligence or ordinary prudence."); Moran v. Office of Personnel Management, 49 M.S.P.R. 331 (1991) (filing deadline waived because of delay in mail service). The board found that Ms. Zafires was not otherwise diligent, however, because she received the reconsideration decision more than ten days before the filing date but did not file her appeal until thirteen days after that date.
 
 
 5
 A decision to waive the filing deadline is within the board's discretion and this court will not substitute its judgement for that of the board. Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed.Cir.1993); Mendoza, 966 F.2d at 653. The board considered Ms. Zafires' reasons for late filing, and it did not abuse its discretion in dismissing the appeal as untimely. Accordingly, the decision of the board is affirmed.
 
 
 
 *
 Chief Judge Archer assumed the position of Chief Judge on March 18, 1994
 
 
 **
 The September 28, 1993, initial decision of the administrative judge became the final decision of the MSPB on November 2, 1993