40 F.3d 1250
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James G. VIOL, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 94-3431.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1994.
 
 Before ARCHER, Chief Judge, RICH and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DISCUSSION
 
 1
 James G. Viol appeals from a decision of the Merit Systems Protection Board (MSPB or board), Docket No. SE-831M-94-0273-I-1, which dismissed as untimely Viol's appeal of a reconsideration decision of the Office of Personnel Management (OPM).[1] We affirm.
 
 BACKGROUND
 
 2
 Pursuant to 5 U.S.C. Sec. 7703(c) (1988), we have jurisdiction to review a decision of the board to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.
 
 
 3
 The reconsideration decision Viol appealed to the MSPB was issued on December 6, 1993. The reconsideration decision did not set an effective date, so the filing deadline was twenty-five days from issuance of the reconsideration decision. 5 C.F.R. Sec. 1201.22(b) (1994). Viol's appeal to the MSPB was filed on January 13, 1993, which was thirteen days late. In his appeal, Viol stated that he had been ill and had been unable to file the appeal any sooner.
 
 
 4
 The Administrative Judge (AJ) in an Acknowledgement Order issued January 20, 1994 notified Viol that his appeal appeared to have been filed late, and ordered Viol to explain the nature of his illness and how his condition delayed him from timely filing an appeal. See 5 C.F.R. Sec. 1201.22(c) (deadline may be waived if petitioner shows good reason for the delay), .56(a)(2) (petitioner has the burden of proof). In a second order, the AJ extended the record date to February 28, 1994. Viol did not respond to these orders before that date, and the AJ, dismissed Viol's appeal as untimely in a March 15, 1994, decision.
 
 
 5
 On March 11, 1994, Viol's doctor sent a letter to the AJ explaining that Viol had been receiving treatment and had been unable to meet some of his day-to-day obligations during December 1993 and January 1994. In his March 22, 1994 petition for review of the AJ's decision, Viol enclosed the doctor's letter and requested reconsideration because he had experienced an unspecified delay in securing supporting information regarding his late filing. The board denied Viol's petition for review because it did not meet the criteria set forth in 5 C.F.R. Sec. 1201.115.
 
 
 6
 A decision to waive the filing deadline is within the board's discretion and this court will not substitute its judgment for that of the board. Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed.Cir.1993); Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992) (in banc). As of February 28, 1994, the date the record was closed, the only evidence before the board regarding the reasons for Viol's late filing was Viol's assertion that he was too ill to file before the deadline. We cannot say that the board abused its discretion in determining that as of the close of the record Viol had not shown good cause for his late filing. The board may grant a petition for review when it is established that "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. Sec. 1201.115. The letter from Viol's doctor is new evidence, but such submission would not entitle Viol to a rehearing unless he showed that the evidence was not available, despite due diligence, when the record closed. In his petition for rehearing, Viol has merely asserted that he was unable to submit the new evidence before the close of the record because of an unspecified delay in receiving the evidence. Thus, we cannot say that the board abused its discretion in denying Viol's petition for review.
 
 
 7
 Viol's arguments regarding the Americans with Disabilities Act have no merit.
 
 
 
 [1]
 The March 15, 1994 initial decision of the administrative judge became the final decision of the MSPB on June 3, 1994 when the MSPB denied Viol's petition for review