73 F.3d 376
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Suzanne G. BAILEY, Petitioner,
v.
DEPARTMENT OF the ARMY and Office of Personnel Management,
Respondents.
 No. 95-3206.
 United States Court of Appeals, Federal Circuit.
 Nov. 1, 1995.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board ("Board"), which dismissed for lack of jurisdiction the petitioner Suzanne G. Bailey's appeal from her allegedly involuntary resignation, is affirmed. Her appeal from the Board's decision affirming the Office of Personnel Management ("OPM") final reconsideration decision, which denied her disability retirement benefits, is dismissed.
 
 OPINION
 I.
 
 2
 The Army removed Ms. Bailey from her position as a supply clerk for unacceptable performance. She appealed that removal to the Board, but prior to a determination on the merits, entered into a settlement agreement with the Army. The agreement, which Ms. Bailey and her union representative signed, provided that Ms. Bailey "agrees to, and hereby does, voluntarily resign from the position of Supply Clerk, GS-2005-05, retroactive to September 11, 1992. The reason for resignation will be stated as 'personal reasons.' " The Board approved the agreement and found that she "understands the terms and has entered into the agreement voluntarily," and dismissed the appeal.
 
 
 3
 Ms. Bailey then applied to OPM for disability retirement. OPM denied her application and affirmed the denial on reconsideration. Ms. Bailey appealed the decision to the Board, where she also alleged that her resignation was involuntary.
 
 
 4
 The administrative judge ("AJ") held the claim of involuntary resignation was barred by res judicata based on the earlier Board decision approving the settlement agreement, and therefore dismissed her appeal as outside the Board's jurisdiction. In addition, after reviewing the medical evidence of disability, the AJ found that it "does not show that she is physically incapable of performing her duties." Furthermore, he found that Ms. Bailey "is only disabled from working in the Inventory Management Division of the Anniston Army Depot" due to "emotional instability caused by job-related tension and perceived hostility from her supervisors and co-workers," a "reactive situational disorder" which cannot serve as the basis for a disability retirement award.
 
 
 5
 The AJ's decision became final when the full Board denied review. Before this court, Ms. Bailey again challenges the voluntariness of her resignation and the denial of disability retirement.
 
 II.
 
 6
 A. Having entered into a settlement agreement under which she "voluntarily resign[ed]," Ms. Bailey cannot now challenge the voluntariness of her resignation. "[A] settlement agreement binds the parties who voluntarily enter into it," Laity v. Department of Veterans Affairs, 61 M.S.P.R. 256, 261 (1994), and the Board's previous finding that Ms. Bailey understood and "voluntarily" entered into the agreement is res judicata. Having failed to appeal the Board's original determination that she entered into the agreement voluntarily, Ms. Bailey cannot now collaterally attack the agreement by claiming that her voluntary resignation pursuant to that agreement was in fact involuntary. Nease v. Department of the Army, 68 M.S.P.R. 365, 367 (1995); Mahoney v. Department of Labor, 56 M.S.P.R. 69, 72-73 (1992).
 
 
 7
 Furthermore, the settlement agreement provided that Ms. Bailey "agrees to waive any and all appeal rights with respect to the matters covered by this agreement." "Thus, even though she alleges that she resigned under duress, she is not entitled to appeal her resignation as involuntary because she waived her right of appeal." Hightower v. Department of Transp., 39 M.S.P.R. 538, 542 (1989); see also Clark v. United States Postal Serv., 989 F.2d 1164, 1169 (Fed.Cir.1993). Accordingly, the AJ properly dismissed Ms. Bailey's involuntary resignation claim for lack of jurisdiction.
 
 
 8
 B. Ms. Bailey's only dispute with the AJ's decision on disability retirement appears to be on the question of whether she was in fact disabled. In her brief, she points to her numerous health problems, contending that she is disabled, and that therefore the Board was wrong to deny her request for disability retirement. In Lindahl v. Office of Personnel Management, 470 U.S. 768 (1985), the Supreme Court held that this court has no jurisdiction to review purely factual issues in civil service disability retirement cases. Id. at 791. We must therefore dismiss Ms. Bailey's appeal on this issue.