Myron C. BRASEL, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 03–3324.

United States Court of Appeals, Federal Circuit.

DECIDED: May 6, 2004.

Cristina C. Ashworth, Raymond W. Angelo, Principal Attorney, David M. Cohen, Deborah A. Bynum, Joyce G. Friedman, of Counsel, Washington, DC, for Respondents.

Myron C. Brasel, of Counsel, Kearney, MO, for Petitioner.

Before BRYSON, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

## DECISION

PER CURIAM.

Petitioner Myron C. Brasel appeals from the decision of the Merit Systems Protection Board, Docket No. CH–1221–02–0320–W–1, 94 M.S.P.R. 479, 2003 WL 21727786, dismissing his petition for review and declining to reopen previous Board proceedings. We *affirm*.

## BACKGROUND

Mr. Brasel was an Assistant Division Chief for the United States Marshals Service in Kansas City, Missouri. In 1994, he filed an Individual Right of Action ("IRA") appeal with the Board, contending that he was constructively discharged when he was coerced into resigning from his position as of September 30, 1993. He contended that the constructive discharge violated the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), because the agency's action was in reprisal for certain protected disclosures he had made. That appeal was dismissed pursuant to a settlement agreement reached by the parties. The administrative judge noted that the parties did not request that the agreement be entered into the record for enforcement purposes.

In 1995 and 1996, Mr. Brasel filed two new matters with the Board. The first was a petition for enforcement of the 1994 settlement agreement, which Mr. Brasel contended the Marshals Service had violated. The second was a new appeal alleging that the Marshals Service had induced him to enter into the settlement agreement through fraud and misrepresentation. To resolve those matters, the parties reached another settlement agreement. Pursuant to that agreement, Mr. Brasel agreed to withdraw his pending petition for enforcement and his appeal, and he agreed to retire from the Marshals Service in August 1996. The parties agreed that the 1996 settlement agreement would not be enforceable by the Board because of an outstanding jurisdictional issue. In the two initial decisions dismissing the 1995 and 1996 actions, the administrative judge specifically found that the settlement agreement was lawful and that both parties had freely entered into it.

Mr. Brasel retired from the Marshals Service as agreed in August 1996. He then worked for more than three years for a private company that did contract work for the Marshals Service. He states that his salary in that position was indirectly funded by the Marshals Service. He left that position in October 1999.

Beginning in February 2000, Mr. Brasel asserts that he filed new information and complaints with the Office of Special Counsel ("OSC") based on what he contends was new evidence that was not available to him at the time of the 1996 settlement agreement. After exhausting his remedies before the OSC, he filed an IRA appeal with the Board in February 2002. In his IRA appeal, Mr. Brasel made allegations of improper conduct by the Marshals Service, and he alleged that the Marshals Service had retaliated against him because of protected disclosures he had made. In addition, he claimed that the 1996 settlement agreement was the result of deceit and that he was coerced into retiring as a result of misrepresentations by the Marshals Service.

The administrative judge who was assigned to the case ruled that the Board lacked jurisdiction over Mr. Brasel's appeal. The administrative judge noted that in order to establish Board jurisdiction over his IRA appeal, Mr. Brasel was required to show that he was subject to a "personnel action," as defined by 5 U.S.C. § 2302(a)(2)(A). Because a voluntary retirement is not a "personnel action" and because an employee's retirement is presumed to be voluntary, the administrative judge held that Mr. Brasel was required to show that his retirement was involuntary in order for his retirement to qualify as a "personnel action" within the meaning of the WPA. The administrative judge noted that the Board in its 1996 decision had found that Mr. Brasel entered into the 1996 settlement agreement freely, and that he therefore could prove that his retire-

ment was involuntary only by convincing the Board to set aside the 1996 decision.

The administrative judge further ruled that Mr. Brasel could not attack the validity of his settlement agreement through a new action, such as his IRA appeal, but instead could challenge the validity of the settlement agreement only by a petition for review of the previous Board decisions dismissing his 1995 and 1996 actions as settled. Because Mr. Brasel did not file such a petition from the 1996 initial decisions, and because those decisions were not otherwise overturned, the administrative judge concluded that Mr. Brasel's retirement must be deemed voluntary as a matter of law.

Mr. Brasel filed a petition requesting that the full Board review the administrative judge's jurisdictional ruling and that the Board reopen the initial decisions that had dismissed his 1995 and 1996 actions pursuant to the 1996 settlement agreement. The Board dismissed the petition for review as untimely and denied the request to reopen. The Board first upheld the administrative judge's ruling that Mr. Brasel could not establish that his retirement was involuntary without first showing that the settlement agreement was invalid, which he could do only in a petition for review of the 1996 initial decisions that had dismissed his earlier action as settled. Accordingly, the Board treated his petition as a petition for review of the 1996 initial decisions.

Treating the petition in that fashion, the Board held that the petition was not filed within the 35-day period for seeking Board review of 1996 initial decisions and that he had not shown good cause for the delay in seeking review of those decisions. With respect to Mr. Brasel's claim that he was unable to file a timely petition to review the 1996 initial decisions because he was trying to escape a hostile work en-

vironment, the Board observed that Mr. Brasel had not explained why he could not have filed his petition after he was separated from federal service and was away from the allegedly hostile work environment. With respect to Mr. Brasel's request to reopen the earlier appeals to challenge the validity of the settlement agreement, the Board explained that it does not reopen an appeal to cure the untimely filing of a petition for review except in unusual circumstances. Finding no reason to depart from its general rule, the Board denied the request to reopen.

## DISCUSSION

This case presents two issues: first, whether the Board was correct in ruling that it could not hear Mr. Brasel's IRA appeal without rehearing the initial decisions that were entered in conjunction with the 1996 settlement; and second, whether the Board should have reconsidered the issue of the voluntariness of the settlement agreement.

As the administrative judge correctly noted, in order for the Board to have jurisdiction over an IRA appeal, the appellant must show that he was subjected to a "personnel action" within the meaning of 5 U.S.C. § 2302(a)(2)(A). It is well settled that an employee's retirement is presumed to be voluntary. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123–24 (Fed.Cir. 1996). Therefore, the burden was on Mr. Brasel to prove that his retirement was involuntary. Because Mr. Brasel retired pursuant to the settlement agreement, the requirement that he prove that his retirement was involuntary meant that he had to show that he entered into the settlement agreement involuntarily.

The Board held that Mr. Brasel could not collaterally attack the validity of the settlement agreement through his new

IRA appeal. That conclusion is dictated by the Board's ruling that the appeals that were dismissed after the parties entered into the 1996 settlement agreement resolved the question of the voluntariness of that settlement agreement, including Mr. Brasel's agreement to retire from the Marshals Service. The Board's decision on that issue was an application of the rule, consistently applied by the Board, that a challenge to an initial decision upholding the voluntariness of a settlement agreement must be brought in a petition for review of that initial decision and cannot be raised in collateral proceedings. *See Gareis v. Dep't of the Interior,* 90 M.S.P.R. 107, 110 (2001); *Hatcher v. Dep't of Justice,* 76 M.S.P.R. 97, 99 (1997); *Mahoney v. Dep't of Labor,* 56 M.S.P.R. 69, 72 (1992). That rule is consistent with general principles of finality and is not contrary to any legal principle governing Board proceedings. The Board thus did not act unlawfully in holding that Mr. Brasel's challenge to the voluntariness of the 1996 settlement agreement could be preserved only through a petition for review of the 1996 initial decisions upholding the settlement agreement as voluntary. We therefore reject Mr. Brasel's argument that the Board should have addressed the merits of his claim that his agreement to retire was coerced and that it should have held that his retirement was in fact involuntary.

We also reject Mr. Brasel's argument that, in treating his petition for review as a petition to review the 1996 initial decisions, the Board erroneously dismissed the petition as untimely. To be timely, a petition for review by the full Board must be filed within 35 days of the initial decision unless good cause is shown for the delay. 5 C.F.R. § 1201.114(d). Whether to waive the regulatory time limit is a matter committed to the Board's broad discretion, and this court will not substitute its own judgment for that of the Board. *Clark v. U.S. Postal Serv.,* 989 F.2d 1164, 1166–67 (Fed. Cir.1993).

Mr. Brasel asserts that he was unable to file a timely petition for review of the 1996 initial decisions because of a hostile work environment and his fear of further retaliation. The main reason Mr. Brasel gives for the delay, at least until 1999, is that he was continuing to collect salary from a contractor for the Marshals Service as part of his settlement and that he feared that re-opening the matter would jeopardize that money and the new job that he had secured. He also asserts that he suffered from mental disabilities that prevented him from addressing the matter for some period of time after 1996.

■ We uphold the Board's ruling that Mr. Brasel has not offered any persuasive reason to excuse the six-year delay in seeking further review or reopening of the 1996 initial decisions. As the Board noted, much of the period of delay passed after Mr. Brasel left the Marshals Service and after he left the private position in which he was doing contract work for the Marshals Service, and thus during a period in which he was not subject to a hostile work environment or possible retaliation by the Marshals Service.

Mr. Brasel's argument that he did not wish to jeopardize the job and pay that he received with a private contractor in connection with the settlement agreement also lacks merit. Mr. Brasel accepted the benefits of the settlement agreement and then, once those benefits expired, he sought to have the agreement invalidated. If Mr. Brasel, who was represented by counsel when he entered into the agreement, believed the settlement to be unfair or coerced, it was his burden to assert that claim in a timely fashion, not after collecting all the benefits of the settlement.

Finally, the only evidence in the record to support Mr. Brasel's assertion that his emotional condition prevented him from filing a timely petition for review is a psychiatric report from 1990 that concluded that he suffered from severe emotional problems resulting from job-related issues. That report, however, was directed to Mr. Brasel's condition in 1990, and it does not establish that his mental condition disabled him from seeking review or reopening of the 1996 initial decisions at any time during the six-year period after those decisions were issued. Under these circumstances, we hold that the Board did not commit legal error in dismissing Mr. Brasel's IRA appeal and did abuse its discretion in refusing to waive the 35–day limitation period for filing a petition for review.