NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3347

DAVID A. GERSHFELD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

David A. Gershfeld, of Bethesda, Maryland, pro se.

Raymond W. Angelo, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Thomas N. Auble, Acting Associate General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3347

DAVID A.GERSHFELD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: May 4, 2007

_____

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) dismissed, for lack of jurisdiction, David A. Gershfeld's request for corrections to his pay history. Gershfeld Department of the Navy, No. DC-3443-06-0447-I-1 (MSPB May 26, 2006). Finding no reversible error, this court affirms.

I

Mr. Gershfeld was employed by the Naval Research Lab (NRL) until his retirement on December 21, 1988. On March 30, 2005 Mr. Gershfeld filed an appeal with the Board seeking corrections in his pay history and receipt of payment consistent with those corrections. Specifically, Mr. Gershfeld argues he

was not promoted to GS-11 and GS-12 positions as quickly as he should have. Further he contends the Department of the Navy (Agency) promoted him to avoid paying him the special pay rate available to engineers at the time. Mr. Gershfeld also asserts he was placed on forced leave without pay for 276 hours while at a duty station in San Diego, California. These various actions, according to Mr. Gershfeld, affected his "high three" salary for calculating his disability pension.

Before the Board, the Agency challenged the timeliness of the appeal and the Board's jurisdiction. Finding that it needed clarification on the promotion issue, as well as information on Mr. Gershfeld's disability and its effect on his diligence in filing, the Board issued a show cause order. Both the Agency and Mr. Gershfeld filed responses to the order. In his response, however, Mr. Gershfeld only addressed the timeliness issue. Based on Mr. Gershfeld's failure to provide jurisdictional evidence, i.e. evidence he was not paid at the correct compensation level for the position he occupied, the Board held that it did not have jurisdiction to hear Mr. Gershfeld's appeal.

II

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999); Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). Mr. Gershfeld has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2006); Clark v. United States Postal Serv., 989 F.2d 1164, 1167

(Fed. Cir. 1993). However, the board's appellate jurisdiction is limited to those matters specifically conferred on it by statute or regulation. 5 U.S.C. § 7701(a).

Reassignment to other positions within an agency is not generally appealable to the Board unless the reassignment involved a demotion with a reduction in grade or pay. McDonald v. Veterans Affairs, 86 M.S.P.R. 539 (2000). However, a constructive demotion occurs when: (1) an employee is reassigned from a position which due to the issuance of a new classification standard or correction of a classification error, is worth a higher grade; (2) the employee meets the legal and qualification requirements for promotion to the higher grade; and (3) the employee is permanently reassigned to a position classified at a grade lower than the grade level to which the employee would otherwise be promoted. Russell v. Dept. of the Navy, 6 M.S.P.R. 698, 711 (1981).

The record shows that Mr. Gershfeld was not merely reassigned, he was promoted from an Ocean Engineer GS-09 to a Research Physicist GS-11 at a higher salary. Because Mr. Gershfeld's reassignment did not involve a reduction in either grade or pay, the Board did not have jurisdiction over Mr. Gershfeld's claim for the special pay rate.

Regarding the improper leave without pay issue, the Board acknowledged it would have jurisdiction if the appeal was timely. Under section 1201.22, an appeal to the Board generally must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision. 5 C.F.R. § 1201.22(b)(1) (2007).

In reviewing Mr. Gershfeld's appeal for timeliness, the Board noted the events occurred during the years 1982-1986, approximately 20 years ago. In the show cause order, Mr. Gershfeld was advised that to be eligible for a waiver of the statute of limitations, he must establish good cause for his delay. Mr. Gershfeld provided evidence that he had found completely disabled by OPM and unable to work for 12 years due to his disability. The Board found, however, that the evidence was insufficient to establish that his disability had rendered him unable to prepare and file an appeal throughout the entire period of the delay. Indeed, the Board noted that Mr. Gershfeld had filed several other earlier appeals on unrelated matters. See e.g., Gershfled v. Office of Personnel Mgmt., DC-0841-04-0612-I-1 (MSPB June 25, 2004).

In his appeal to the Board, Mr. Gershfeld argued no stature of limitations applies to his case because OPM still considers him completely disabled and 28 USC § 2401(a) stands for the proposition that a civil action against the United States may be commenced within 3 years after the disability ceases. As the Board properly held, however, section 2401 applies to civil actions against the government, not administrative appeals. Because section 2401 is not applicable and Mr. Gershfeld has failed to show good cause for his delay, his appeal is not timely.

In Mr. Gershfeld's claim for delayed promotions, Mr. Gershfeld states that at the end of his first year he was tenured but not promoted to GS-11 and at the end of his second year he was tenured but not promoted to GS-12. Mr. Gershfeld's only supporting evidence of any delay in promotion is a notification of

personal action indicating his eligibility for a <u>within</u> grade increase was adjusted to reflect 276 hours of leave without pay. The time required for advancement between grades is governed by 5 CFR § 300.604.

Section 300.604 places a minimum requirement for time in grade. It does not, however, mandate that an employee be promoted upon meeting this minimum. Further, Mr. Gershfeld has not provided any evidence that the Agency improperly delayed his promotions. Because promotions under section 300.604 are discretionary and Mr. Gershfeld did not show that the Agency improperly followed its own rules, the Board lacks jurisdiction over Mr. Gershfeld's claim for delayed promotion. For these reasons, this court affirms the Board's decision.