NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GERALD D. GOMEZ,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2013-3089

---

Petition for review of the Merit Systems Protection Board in No. NY0752100238-M-1.

---

Decided: December 11, 2013

---

GERALD D. GOMEZ, of Jamaica, New York, Pro Se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before NEWMAN, LOURIE, and BRYSON, *Circuit Judges.*

PER CURIAM.

## DECISION

Petitioner Gerald D. Gomez seeks review of a decision of the Merit Systems Protection Board dismissing his case for lack of jurisdiction. We affirm.

## BACKGROUND

Mr. Gomez was employed as a Program Support Assistant at the Manhattan campus of the Department of Veterans Affairs ("DVA") New York Harbor Healthcare System. On August 22, 2008, Mr. Gomez and the DVA entered into a last-chance agreement ("LCA") after the agency proposed removing Mr. Gomez from his position based on six charges of misconduct relating to his failure to report to work on 17 days and his failure to follow proper leave procedures.

Under the LCA, the DVA agreed to hold Mr. Gomez's removal in abeyance. In return, Mr. Gomez agreed to follow the DVA's rules and procedures and he agreed to waive his right to appeal any termination of his employment stemming from a violation of the agreement. The waiver provision stated in relevant part that "Mr. Gomez voluntarily waives his right to assert, grieve, or otherwise seek review of any termination of his employment under Paragraphs 5 and 6 of this Agreement." Paragraph 5 of the LCA provided in relevant part that:

> Mr. Gomez agrees to follow the VA New York Harbor Healthcare System and VA rules and policies on leave procedures. He agrees to keep absences to a minimum and comply with leave procedures without fail. Any AWOL charges and failure to follow leave procedures will be considered a violation of this Agreement.

Paragraph 6 of the LCA provided in relevant part that:

Mr. Gomez agrees to follow the VA New York Harbor Healthcare System and VA rules and policies. He agrees that any future incident of misconduct occurring within the period of this Agreement (12 months), which would support disciplinary or adverse action, shall establish a violation of this Agreement. . . . All violations of this Agreement shall result in Mr. Gomez's removal based on the charges in the proposed removal notice dated January 14, 2008, being effected after a written advance notice of at least five (5) workdays.

Subsequent to executing the LCA, Mr. Gomez was absent without leave ("AWOL") from May 21, 2009, until his removal in February 2010. Based on that absence and his failure to follow proper leave procedures, the DVA notified Mr. Gomez by a letter dated February 9, 2010, that he was being removed effective February 23, 2010, for violating the terms of the LCA.

Mr. Gomez appealed his termination to the Board on July 1, 2010. On November 4, 2010, the administrative judge issued an initial decision based on the written record alone. A hearing was not conducted because Mr. Gomez failed to appear at the scheduled October 12, 2010, hearing and did not respond to the administrative judge's subsequent order to show good cause for his failure to appear. The administrative judge dismissed Mr. Gomez's appeal for lack of jurisdiction due to the appeal-rights waiver in the LCA. The administrative judge found that Mr. Gomez failed to show that his acceptance of the LCA was involuntary or that he had not violated the LCA.

Mr. Gomez filed a petition for review with the Board. The Board initially determined that the petition for review was not timely. After Mr. Gomez filed an appeal with this court, however, the Board requested, and was granted, a remand so that the Board could further consid-

er the issue of jurisdiction and the interpretation of its timeliness regulations. On February 15, 2013, the Board issued a final order denying Mr. Gomez's petition for review and affirming the initial decision of the administrative judge. The Board declined to address the timeliness of Mr. Gomez's petition for review.

## DISCUSSION

Whether the Board has jurisdiction over an appeal is a question of law that we review *de novo*, with underlying findings of fact reviewed for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). Mr. Gomez has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Clark v. U.S. Postal Serv.*, 989 F.2d 1164, 1167 (Fed. Cir. 1993). It is well settled that an employee can waive the right to appeal in a last-chance agreement, *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed. Cir. 1998); *McCall v. U.S. Postal Serv.*, 839 F.2d 664, 668 (Fed. Cir. 1988), and that the Board lacks jurisdiction to review the merits of removal actions in which, as here, an individual has waived appeal rights in a last-chance agreement, *McCall*, 839 F.2d at 668-69.

In order to establish that the appeal-rights waiver in the LCA was unenforceable, Mr. Gomez was required to show that (1) he complied with the LCA; (2) the DVA materially breached the LCA; (3) he entered into the LCA involuntarily or under duress; or (4) the LCA was the product of fraud or mutual mistake. *Gibson*, 160 F.3d at 725; *Link v. Dep't of the Treasury*, 51 F.3d 1577, 1581 (Fed. Cir. 1995).

Mr. Gomez has failed to satisfy any of those conditions. He contends that he did not violate the LCA, but the record shows that he was absent from May 21, 2009, until his removal in February 2010—a period of more than eight months. The administrative judge found that Mr. Gomez's supervisor twice notified him of his failure to

follow leave procedures and directed him to forward a request for approved leave if he intended to continue his employment. Mr. Gomez did not respond to those notifications.

On appeal, Mr. Gomez contends that his absence was due to his inpatient rehabilitation within the DVA healthcare system for severe depression, work-related stress, and alcohol abuse. He states that his union representative told him to concentrate on his medical treatment and that the union representative informed Mr. Gomez's supervisor of his absence. However, Mr. Gomez points to no record evidence indicating that he followed proper leave procedures or that informing the agency of his absences through a union representative was a proper procedure. Indeed the second notice from Mr. Gomez's supervisor stated that Mr. Gomez's admission to inpatient treatment at a DVA facility could not be verified and that Mr. Gomez had not requested leave through a leave-approving official. Therefore, the administrative judge's determination that Mr. Gomez failed to prove that he did not violate the LCA is supported by substantial evidence.

Mr. Gomez has also failed to point to any evidence to support his contention that his acceptance of the LCA was involuntary. Mr. Gomez argues that the LCA was issued as an ultimatum and that he was coerced into signing the LCA based on the threat of termination if he failed to sign. However, a decision to sign a last-chance agreement is not coerced just because an employee faces the unpleasant alternatives of signing the agreement or being removed. *See Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996) (holding that an employee's choice may be voluntary even when "limited to two unattractive options"). The LCA itself states that the agreement was "entered into freely and voluntarily . . . without coercion or duress." Moreover, Mr. Gomez's union representative also signed the LCA.

Mr. Gomez also fails to point to any evidence supporting his claim that the DVA lacked reasonable grounds for proposing his removal in 2008, and that the LCA was invalid for that reason. Record evidence shows that Mr. Gomez was frequently absent without leave, including for 17 days between October 29 and December 12, 2007. The administrative judge determined that the DVA's denial of leave without pay status for Mr. Gomez's absences in November and December 2007 was not unreasonable. The administrative judge's conclusion that Mr. Gomez did not prove that his acceptance of the LCA was involuntary is therefore supported by substantial evidence.

Finally, Mr. Gomez contends that his agreement to an appeal-rights waiver was effective only for the 12-month period encompassed by the LCA. Because the DVA did not terminate him until February 2010—more than 12 months after the LCA was executed—Mr. Gomez argues that the appeal-rights waiver did not bar his appeal to the Board. That argument, however, ignores the fact that Mr. Gomez breached the LCA by failing to report to work and failing to follow proper leave procedures beginning in May 2009, well within the LCA's 12-month period. The LCA was intended to allow Mr. Gomez to continue his employment with the DVA, but under a heightened level of scrutiny that would persist for 12 months. Nothing in the LCA indicates that it was intended to force the DVA to formally terminate Mr. Gomez within that 12-month period in the event that he breached the agreement. The DVA therefore did not lose its right to terminate Mr. Gomez without the threat of an appeal simply because it waited until after the end of the 12-month period to formally terminate him.

We therefore agree with the Board that it lacked jurisdiction to hear Mr. Gomez's appeal.

No costs.

**AFFIRMED**