73 F.3d 380
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Lee A. BLACK, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 Nos. 95-3609, 95-3667.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1995.
Rehearing Denied Feb. 21, 1996.
 
 Before ARCHER, Chief Judge, PLAGER and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 This appeal involves two consolidated petitions for review by Lee A. Black. In No. 95-3609, Black petitions for review of the final decision of the Merit Systems Protection Board ("Board") which dismissed as untimely Black's appeal that alleged that his retirement from the Department of Housing and Urban Development ("HUD" or "agency") was involuntary.[1] Black v. Department of Hous. & Urban Dev., Docket No. DC-0752-94-0626-I-2. In No. 95-3667, Black petitions for review of the final decision of the Board which dismissed for lack of jurisdiction Black's appeal from the agency's refusal to consider his request to exercise his purported restoration rights.[2] Black v. Department of Hous. & Urban Dev., Docket No. DC-0353-95-0437-I-1. In both cases, we affirm.
 
 DISCUSSION
 1. Background
 
 2
 Black retired on November 4, 1983 with a disability. He had initiated his disability retirement based on work-related and non-work-related injuries in an application dated July 7, 1983. [Gov 2, 6]. He began receiving disability retirement annuity benefits administered by the Office of Personnel Management ("OPM") effective November 11, 1983. Subsequently, he elected, and was granted, Office of Workers Compensation Programs ("OWCP") benefits in lieu of OPM benefits. On June 5, 1989, OWCP notified Black that it was proposing to terminate his benefits because it had determined that his disability had ceased. The notice stated that Black should pursue any applicable restoration rights within 30 days. After his OWCP benefits were terminated, Black subsequently elected, and was granted, OPM disability retirements benefits. He currently receives such benefits.
 
 
 3
 On July 22, 1994, Black filed an appeal with the Board alleging that his 1983 retirement was involuntary. As his retirement was an employee-initiated disability retirement, the Board presumed the retirement was voluntary. Accordingly, the appeal appeared to be untimely. In response to an order to show cause why the appeal should not be dismissed, Black alleged that his retirement was coerced because, inter alia, he had not been informed of his appeal rights. The AJ found an absence of evidence that Black took steps to put the agency on notice that he considered his retirement involuntary. In addition, the AJ concluded that there was no evidence that HUD knew or should have known that his retirement was involuntary. As Black had failed to overcome the presumption that his retirement was voluntary, the agency was not required to apprise him of his appeal rights. Lastly, the AJ found an absence of evidence that Black acted to discover whether he had a right of Board appeal following his retirement. Because Black failed to prove involuntariness and had not acted to discover his appeal rights, the AJ found that Black did not exercise due diligence or ordinary prudence under the circumstances that would establish good cause for the untimely filing of his appeal. The AJ, therefore, dismissed his appeal as untimely (No. 95-3609).
 
 
 4
 On February 12, 1995, Black sought to exercise purported restoration rights in order to be restored to a position with HUD. Under 5 U.S.C. Sec. 8151(b)(2) (1994), the agency that was the last employer of an individual with a compensable disability is required to "make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position," but only "if the injury or disability is overcome." After HUD refused to consider his restoration request, Black appealed to the Board. The AJ ordered Black to show cause why his appeal should not be dismissed for lack of jurisdiction, as Black's submissions to the Board indicated that he was neither fully, nor partially, recovered. On April 28, 1995, in response to an agency motion to dismiss, Black requested that the Board "require [HUD] to stipulate that ... the appellant has not recovered partially or fully." As it was undisputed that Black was neither fully nor partially recovered from his injuries, the AJ found that Black had no restoration rights to pursue. Thus, the Board dismissed the appeal for lack of jurisdiction because it was premature (No. 95-3667).
 
 2. Analysis
 
 5
 This court reviews a Board decision under a narrow standard and must affirm the decision unless it is found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Substantial evidence is "such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached" by the Board. Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 Turning to No. 95-3609 first, if Black's 1983 retirement was involuntary, he was required to file an appeal with the Board within 20 days of the effective date of the retirement. 5 C.F.R. Sec. 1201.22(b).[3] He failed to do that. The evidence of record establishes that Black's appeal was filed more than 10 years beyond the allowed time for filing. The time limit to appeal to the Board may only be waived upon a showing of good cause for the late filing. 5 C.F.R. Sec. 1201.22(c). It was Black's burden to establish such good cause. Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed.Cir.1993). Substantial evidence supports the AJ's findings that Black (i) initiated his disability retirement application, (ii) failed to show he placed the agency on notice that he considered his retirement to have been involuntary, (iii) failed to allege facts that would show, if true, that the agency was, or should have been, on notice that he considered his retirement to be involuntary, and (iv) failed to discover whether he had a right of Board appeal following his retirement. Accordingly, the AJ properly found that Black did not exercise the due diligence or ordinary prudence that would establish good cause for the untimely filing of his appeal. Krizman v. United States Postal Serv., 66 M.S.P.R. 233, 240 (1995). The decision of the Board in No. 95-3609, dismissing Black's appeal as untimely, is supported by substantial evidence and is free of legal error.
 
 
 7
 In No. 95-3667, the AJ found that Black had twice asserted, and asked the agency to stipulate, that he is neither fully nor partially recovered. In his petition for review, Black does not contest that finding and does not argue that he is fully or partially recovered. Thus, Black has no restoration rights to pursue under 5 U.S.C. Sec. 8151, and the Board lacks jurisdiction over his appeal. As indicated by the AJ, Black may have future restoration rights in the event he becomes fully or partially recovered and timely pursues those rights. See Kinler v. General Servs. Admin., 43 M.S.P.R. 197, 203 (1990). The decision of the Board in No. 95-3667, dismissing Black's appeal for lack of jurisdiction as premature, is supported by substantial evidence and is free of legal error.
 
 
 
 [1]
 The April 12, 1995 initial decision of the administrative judge (AJ) became the final decision of Board when the full Board denied Black's petition for review on June 12, 1995
 
 
 [2]
 The May 26, 1995 initial decision of the AJ became the final decision of the Board on June 30, 1995, after Black failed to file a petition for review with the full Board
 
 
 [3]
 On June 17, 1994, pursuant to 59 Fed.Reg. 31,109 (1994), the Sec. 1201.22(b) appeal period was extended to 30 days