NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANA MARIA RODRIGUEZ,**
*Petitioner,*

**v.**

**DEPARTMENT OF STATE,**
*Respondent.*

---

2011-3115

---

Petition for review of the Merit Systems Protection Board in Case No. DC0752100305-I-1.

---

Decided: December 7, 2011

---

ANA MARIA RODRIGUEZ, of Springfield, Virginia, pro se.

MICHAEL S. MACKO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, Jeanne E. Davidson, Director, and HAROLD D. LESTER, JR., Assistant Director.

———————————————

Before NEWMAN, BRYSON, and REYNA, *Circuit Judges*.

PER CURIAM.

## DECISION

Petitioner Ana Maria Rodriguez seeks review of a decision of the Merit Systems Protection Board dismissing her case for lack of jurisdiction.  We affirm.

## BACKGROUND

Ms. Rodriguez was a secretary with the Department of State's Bureau of European and Eurasian Affairs.  In July 2008, the Department imposed restrictions on Ms. Rodriguez's use of leave, following a period of what the Department considered excessive absenteeism.  Nine months later, the Department proposed to remove Ms. Rodriguez from her position based on various charges, including frequently being absent without leave, repeatedly being tardy, making unauthorized phone calls, and leaving hostile voicemail messages.

On July 16, 2009, the Department and Ms. Rodriguez entered into a Last-Chance Agreement ("LCA"), under which Ms. Rodriguez's removal would be held in abeyance if she abided by the agreement for one year.  The LCA imposed restrictions on the amount of and procedure for requesting leave.  It also included a provision waiving Ms. Rodriguez's right to appeal to the Board from any removal action occurring within the one-year period.  That provision stated: "Ms. Rodriguez voluntarily agrees to waive any and all rights, including grievance rights and rights of appeal to [the] Merit Systems Protection Board, whether or not now known, to contest any adverse action

including her removal by the Department during the one-year period of the Agreement." The LCA further recited that Ms. Rodriguez had had the opportunity to seek counsel, understood the terms of the agreement, and had entered into it voluntarily. Ms. Rodriguez signed the LCA, as did her union representative. Several months later, however, the Department concluded that Ms. Rodriguez had violated the LCA and took action to remove her.

Ms. Rodriguez appealed her removal to the Board, and the Department moved to dismiss the appeal for lack of jurisdiction. The administrative judge who was assigned to the case ordered Ms. Rodriguez to submit evidence and argument as to the effect of the provision in the LCA waiving her right to appeal her removal to the Board. Ms. Rodriguez responded by arguing that her agreement to the LCA was involuntary, that the LCA was imposed on her in bad faith, and that she agreed to it under duress. The administrative judge, however, held that Ms. Rodriguez had failed to make a non-frivolous allegation that the LCA was not enforceable and ruled that she had breached the LCA due to excessive absenteeism without leave.

DISCUSSION

Whether the Board has jurisdiction over an appeal is a question of law that this court reviews *de novo* with underlying findings of fact reviewed for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008); *Hayes v. U.S. Postal Serv.*, 390 F.3d 1373, 1376 (Fed. Cir. 2004). Ms. Rodriguez has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Clark v. U.S. Postal Serv.*, 989 F.2d 1164, 1167 (Fed. Cir.

1993).  It is settled that an employee can waive the right to appeal a last-chance agreement, *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed. Cir. 1998); *McCall v. U.S. Postal Serv.*, 839 F.2d 664, 668 (Fed. Cir. 1988), and that the Board lacks jurisdiction to review the merits of removal actions in which, as here, an individual has waived appeal rights in a last-chance agreement, *McCall*, 839 F.2d at 668-69.

In order to establish that her waiver of the right to appeal the merits of her removal action was unenforceable, Ms. Rodriguez was required to show that (1) she complied with the LCA; (2) the agency materially breached the LCA; (3) she entered into the LCA involuntarily or under duress; or (4) the LCA was the product of fraud or mutual mistake.  *Gibson*, 160 F.3d at 725; *Link v. Dep't of the Treasury*, 51 F.3d 1577, 1581 (Fed. Cir. 1995).

Ms. Rodriguez has failed to establish any of those conditions.  The record makes clear that Ms. Rodriguez breached the LCA by accruing more than eight hours of absence without leave.  Moreover, there is no evidence that the Department acted in bad faith with respect to the LCA.  Ms. Rodriguez complains that her medical condition made it difficult for her to comply with the strict terms of the LCA, but the question whether the LCA was unduly demanding in light of her circumstances was not properly before the administrative judge, as the strictness of an LCA is not a ground for holding that the waiver of Board appeal rights is invalid.  Ms. Rodriguez also asserts that the LCA was used as a cloak for her supervisors' abuse of authority, but she has pointed to no specific evidence that the Department failed to comply with the terms of the LCA or acted in bad faith in enforcing its provisions.

Ms. Rodriguez has also failed to point to any evidence to support her contentions that she entered into the LCA involuntarily and under duress. In the LCA, Ms. Rodriguez expressly stated that she was entering into the agreement voluntarily and with full knowledge of its terms. In addition, she had the opportunity to and did consult with her union representative, who also signed the LCA. She argues that she felt she had no real choice but to enter into the LCA at the time she agreed to its terms. However, the fact that she faced an unpleasant choice at the time she entered into the LCA—the prospect of immediate removal or a year working under the strict terms of the LCA—does not mean that her decision to accept the LCA was involuntary. *See Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996) (holding that an employee's choice may be voluntary even when "limited to two unattractive options").

On a procedural question, Ms. Rodriguez complains that her union representative was improperly denied an extension of time within which to respond to the administrative judge's order directing that she show why the Board had jurisdiction over her appeal. Decisions as to procedural matters in cases pending before the Board are committed to the discretion of the administrative judge. *See Spezzaferro v. Fed. Aviation Admin.*, 807 F.2d 169, 173 (Fed. Cir. 1986). A Board decision on such an issue will not be overturned in the absence of a showing of an abuse of discretion resulting in substantial prejudice to the appellant. *See Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378-79 (Fed. Cir. 1988); *see generally Cornelius v. Nutt*, 472 U.S. 648, 657-59 (1985). Ms. Rodriguez has not shown that the administrative judge in this case abused her discretion by denying the union representative's request for an extension of time or that the administrative judge's order prejudiced her. Ms. Rodriguez filed

her own response to the administrative judge's jurisdictional order, which the administrative judge considered, and that response set forth the reasons Ms. Rodriguez believed the LCA was invalid. She did not at the time, and has not now, suggested what additional evidence or argument her union representative would have provided if the administrative judge had granted the union representative's request for an extension of time to respond to the jurisdictional order. We therefore reject Ms. Rodriguez's argument regarding the denial of an extension of time for her union representative to respond to the jurisdictional order.

Because we uphold the administrative judge's decision that the waiver of appeal in the LCA was enforceable, we agree with the Board that it lacked jurisdiction to hear Ms. Rodriguez's appeal from the merits of her removal. Ms. Rodriguez makes a number of other arguments relating to issues not relevant to the jurisdictional question. Because we uphold the Board's decision that it did not have jurisdiction to review the merits of her removal action, those arguments are not before us.

No costs.

**AFFIRMED**