NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**DONNA R. CAMP,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

_____

2013-3008

_____

Petition for review of the Merit Systems Protection Board in No. SF0752120714-I-1.

_____

Decided: April 10, 2013

_____

DONNA R. CAMP, of San Diego, California, pro se.

J. HUNTER BENNETT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

_____

Before DYK, SCHALL, and PROST, *Circuit Judges.*

PER CURIAM.

Petitioner Donna Camp seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing her case for lack of jurisdiction. *See Camp v. Dep't of Veterans Affairs*, No. SF0752120714-I-1, slip op. at 4 (M.S.P.B. Sept. 13, 2012) ("*Initial Decision*"). We affirm.

## BACKGROUND

Ms. Camp was an employee with the U.S. Department of Veterans Affairs ("VA"), working in a call center for the San Diego Healthcare System. In February 2011, the VA proposed removing Ms. Camp from her position for disrespectful behavior toward a veteran. She had previously been suspended twice for similar conduct. The VA provided Ms. Camp with an opportunity to respond, and she met with a Deciding Officer. After considering the evidence supporting the charges, her past discipline, and her years of service, the Deciding Officer decided to remove Ms. Camp from her position.

In May 2011, Ms. Camp and the VA entered into a Last Chance Agreement ("Agreement") under which Ms. Camp's removal would be held in abeyance if she abided by the terms of the Agreement for one year. Among other provisions, Ms. Camp agreed that she would "not engage in any acts of misconduct," and that if she "fail[ed] to comply with any term of th[e] Agreement on even one occasion during the period of one (1) calendar year," the VA could "effect the previously proposed removal without prior notice." Agreement ¶¶ 4.a, 4.i. Ms. Camp also "waive[d] her right to challenge her removal in the event that the Agency effects the previously proposed removal." *Id.* ¶ 4.j. The waiver provision includes "a waiver of [Ms. Camp's] right to appeal her removal to the MSPB [Merit

Systems Protection Board]." *Id.* The Agreement further recites:

> [Ms. Camp] has read this entire Agreement, has consulted with an attorney or representative or has freely decided not to consult with an attorney or representative, that she has not been induced to enter into this Agreement by any promises or representations other than those expressly stated in this Agreement, that she understands all terms of this Agreement, and that she has not been coerced into entering into this Agreement.

*Id.* ¶ 4.l. On the signature page, the Agreement further states that Ms. Camp "acknowledges that she has read and considered each of the provisions of this agreement and that she voluntarily enters into the agreement with full knowledge of the consequences," and that "THE PARTIES TO THIS AGREEMENT HEREBY SIGNIFY THEIR VOLUNTARY, KNOWING AND UNCONDITIONAL ACCEPTANCE OF EACH AND EVERY TERM OF THIS AGREEMENT, WITHOUT RESERVATION." *Id.* ¶ 8.k. Ms. Camp signed the Agreement, as did her union representative.

In October 2011, the VA removed Ms. Camp based on the terms of the Last Chance Agreement. Ms. Camp appealed her removal to the Board. The administrative judge who was assigned to the case advised Ms. Camp that the Board might not have jurisdiction to hear her appeal because of the waiver provision in her Agreement.

Ms. Camp responded that she had not wanted to sign the Agreement. According to Ms. Camp, when the VA proposed her removal, it gave her a choice of signing the Agreement or accepting a demotion, which would involve a transfer to another area at a lower pay grade. Ms. Camp said she told her union representative she wanted to choose the demotion, but her representative did not respond by the deadline for selecting that option. As a

result, she was left with the option of signing the Agreement or being removed.  In order to avoid losing her job, she signed the Agreement.

After considering Ms. Camp's response, the administrative judge held that Ms. Camp had failed to make a non-frivolous allegation that the waiver provision in her Last Chance Agreement was not enforceable, and that the Board therefore did not have jurisdiction to hear her appeal. *Initial Decision* at 3-4.  Ms. Camp did not seek further review by the Board, and the administrative judge's initial decision became final on October 18, 2012. Ms. Camp appealed the Board's decision to this court.

DISCUSSION

This court's review of the Merit Systems Protection Board is limited.  We must affirm a decision of the Board unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  Whether the Board has jurisdiction over an appeal is a question of law that this court reviews without deference, while underlying findings of fact are reviewed for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

It is settled law that a federal employee can waive the right to appeal removal in a last-chance agreement. *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed. Cir. 1998).  If the employee is later removed under the terms of the last-chance agreement, the Board will lack jurisdiction to review the merits of the removal. *See id.* at 727.  There is an exception to this rule, however. Ms. Camp can establish that her waiver of appeal is unenforceable and that the Board therefore has jurisdiction to hear her appeal if she can show one of the following: (1) that she complied with the terms of the Last

Chance Agreement; (2) that the VA breached the Agreement; or (3) that she did not knowingly and voluntarily enter into the Agreement. *Buchanan v. Dep't of Energy*, 247 F.3d 1333, 1338 (Fed. Cir. 2001).

Ms. Camp has not alleged that she complied with the Last Chance Agreement or that the VA has breached the Agreement. Therefore, the only remaining question is whether Ms. Camp knowingly and voluntarily entered into the Agreement. The administrative judge found that Ms. Camp had not shown that her decision to sign the Agreement was involuntary or coerced. *See Initial Decision* at 3.

As described by Ms. Camp, the circumstances surrounding her decision to sign the Agreement are as follows. She claims she wanted to choose the demotion instead of signing the Agreement, but because her union representative failed to act before the deadline for selecting the demotion, she was left with no choice but to sign the Agreement.

Unfortunately for Ms. Camp, any potential failings by her union representative leading up to her decision to sign the Agreement are not within the scope of our review on appeal. We are limited to reviewing whether, when Ms. Camp ultimately entered into the Agreement, she did so knowingly and voluntarily. Based on the record before us, we must conclude that she did.

Ms. Camp's Agreement with the VA explicitly states that she "has read and considered each of the provisions of this agreement and that she *voluntarily enters into the agreement with full knowledge of the consequences.*" Agreement ¶ 8.k (emphasis added). This and similar provisions in the Agreement indicate that Ms. Camp did indeed sign the Agreement knowingly and voluntarily.

Of course, once the deadline for selecting a demotion had passed, Ms. Camp may have subjectively felt that she

had no reasonable choice but to enter into the Agreement. However, it is not accurate to say that she had "no choice." She had two options. She could in fact sign the Agreement and return to her job in the call center to work for a year under the strict terms of the Agreement. Or she could refuse to sign the Agreement, in which case she would face immediate removal but would also have the ability to appeal her removal to the Board. Both options may have been unattractive to Ms. Camp. But as this court has previously explained, "the fact that an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make the employee's decision any less voluntary." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996); *see also Rodriguez v. Dep't of State*, 450 F. App'x 965, 967-68 (Fed. Cir. 2011) (affirming the Board's dismissal of a federal employee's appeal in circumstances similar to those of Ms. Camp). Therefore, the fact that Ms. Camp faced an unpleasant choice—the prospect of immediate removal or returning to her previous job under the strict terms of the Agreement—does not mean her decision to accept the Agreement was involuntary.

Accordingly, Ms. Camp has failed to show that her decision to sign the Last Chance Agreement was involuntary or coerced. Therefore, we must affirm the administrative judge's conclusions that Ms. Camp's waiver of appeal in the Agreement is enforceable and that the Board lacked jurisdiction to hear her appeal.

## AFFIRMED

### COSTS

Each party shall bear its own costs.