NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHARON A. STEWART,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3210

---

Petition for review of the Merit Systems Protection Board in No. SF0353110710-I-1.

---

Decided: August 14, 2013

---

SHARON A. STEWART, of Anaheim, California, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were BRYAN G. POLISUK, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before PROST, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Sharon Stewart ("Stewart") appeals from the final decision of the Merit Systems Protection Board ("Board") which dismissed her petition for review for lack of jurisdiction. *Stewart v. U.S. Postal Serv.*, No. SF-0353-11-0710-I-1, 2012 MSPB LEXIS 4305 (M.S.P.B. Jul. 31, 2012) (reported in table format at 118 M.S.P.R. 423) ("*Final Decision*"); *Stewart v. U.S. Postal Serv.*, No. SF-0353-11-0710-I-1, 2011 MSPB LEXIS 6594 (M.S.P.B. Nov. 8, 2011) ("*Initial Decision*"). Because the Board did not err in dismissing Stewart's petition for lack of jurisdiction, we *affirm*.

BACKGROUND

Prior to her removal, Stewart was employed as a part-time flexible City Carrier for the United States Postal Service ("USPS" or "the agency") in Panorama City, California. On June 28, 2006, Stewart sustained a work-related "lumbar strain," and subsequently filed a claim for disability benefits with the Department of Labor's Office of Workers' Compensation Programs ("OWCP"). On October 25, 2006, the OWCP accepted Stewart's claim and began paying her benefits.

In a report dated January 2, 2008, Dr. G.B. Ha'Eri found that Stewart's lumbar strain had resolved but that she had degenerative, non-work-related disk disease and spondylosis of the lumbosacral spine. Effective May 30, 2008, the OWCP terminated Stewart's first claim on grounds that her work-related injury had ceased. In its termination letter, the OWCP explained that an employee who recovers from a work-related injury within one year is entitled to be restored to the job held when injured or an equivalent job, and that employees are expected to apply for reemployment immediately upon recovery. It further explained that an employee who takes longer than one year to recover is entitled to priority consideration if she applies for reemployment within 30 days after compensation ends.

In the interim, Stewart had sustained a second work-related injury on September 1, 2007, this time suffering both a lumbosacral strain and shoulder strains. On September 15, 2008, the OWCP accepted her second injury claim.[1]

Stewart stopped reporting to work on May 21, 2008, and was placed on leave without pay ("LWOP") status on July 19, 2008.[2] In a report dated July 28, 2008, Dr. Ha'Eri opined that Stewart's second "lumbosacral strain had resolved, as well as the temporary aggravation of her degenerative, non-industrial condition of degenerative disk disease and spondylosis of the lumbosacral spine." *Initial Decision*, 2011 MSPB LEXIS 6594, at *3.

In September or November 2008—after the OWCP had accepted her second work-related injury claim— Stewart applied for light-duty work. The agency denied Stewart's request on grounds that: (1) her restrictions were based solely on the non-work related conditions Dr. Ha'Eri identified in his report; and (2) "she was not eligible for permanent light duty under the applicable collective bargaining agreement because she did not have five years of service." *Id.* at *4. The OWCP terminated Stewart's compensation for her second claim in September 2009, and her last monetary compensation was paid on October 16, 2009.

Because Stewart had not reported for work since May 21, 2008, and had been in LWOP status for over a year,

---

[1] In February 2009, the OWCP updated Stewart's second claim to include a right rotator cuff injury. *Initial Decision*, 2011 MSPB LEXIS 6594, at *12.

[2] Stewart subsequently filed an equal employment opportunity ("EEO") complaint alleging that she was discriminated against based upon her physical disability. *Initial Decision*, 2011 MSPB LEXIS 6594, at *3 n.2.

the agency issued a notice of proposed separation on April 28, 2010. The proposal specified that Stewart was unable to perform her job duties due to her non-work-related injury. In a letter of decision dated June 11, 2010, the agency removed Stewart.

Stewart filed a grievance challenging her separation. On June 14, 2011, after conducting a hearing, the arbitrator issued a decision finding that: (1) the agency did not violate its contractual obligations when it denied Stewart's light duty request; and (2) Stewart's restrictions were due to her non-work-related injuries, not her on-the-job injuries. *Initial Decision*, 2011 MSPB LEXIS 6594, at *5-6.

By letter dated June 6, 2011, Stewart requested restoration to her city carrier duties. In support of her request, Stewart attached a report from Dr. Shirzad Abrams, who opined that Stewart "is fully capable of resuming her regular work activities for the United States Postal Service." Respondent's Appendix ("RA") 58. On July 6, 2011, the agency denied Stewart's request, finding that she was ineligible for restoration. Specifically, the agency explained that Stewart was separated because she had been in LWOP status for more than one year for a non-work-related injury and her separation was not "substantially related" to her compensable injury. *Initial Decision*, 2011 MSPB LEXIS 6594, at *6. The agency further noted that Stewart's restoration request was not made within thirty days from the date she last received compensation for a compensable injury.

On July 11, 2011, Stewart appealed to the Board, asserting that she was "denied priority consideration for restoration." RA 20. The administrative judge ("AJ") issued an Acknowledgment Order on July 13, 2011, notifying Stewart that the Board might not have jurisdiction over her appeal and informing her of the applicable law. In response, Stewart asserted that she fully recovered from her injuries and has no medical restrictions that would prevent her from returning to work. Although

Stewart emphasized her lack of any restrictions, she also argued that she is a "partially recovered" employee willing and able to return to work.

The AJ issued an Initial Decision dismissing Stewart's appeal for failure to establish jurisdiction over her restoration claim. Specifically, the AJ found that the OWCP terminated Stewart's first claim effective May 30, 2008, on grounds that her employment-related disability had ceased. To be timely with respect to this claim, Stewart was required to seek restoration within thirty days from the cessation of her benefits. As to her second claim, the AJ found that Stewart's last compensation payment was made on October 16, 2009, and that she did not request restoration until June 6, 2011—well-outside the thirty day period. To the extent Stewart asserted restoration as a partially recovered employee, the AJ found that, "[b]ecause her OWCP compensation has terminated on the basis that she has fully recovered from her work-related injuries, she cannot claim the restoration rights of a partially recovered employee." *Initial Decision*, 2011 MSPB LEXIS 6594, at *13. Accordingly, the AJ concluded that Stewart failed to nonfrivolously allege Board jurisdiction over her restoration claim.[3]

Stewart petitioned the Board for review, arguing that: (1) her second claim remained open because she continued to receive medical benefits; and (2) the evidence suggested that her absence was due to her work-related injuries. Stewart also asserted, for the first time, that her appeal was a "mixed case" appeal because she filed an EEO complaint with the agency.

---

[3] Because Stewart failed to establish jurisdiction over her restoration claim, the AJ did not reach her allegation of disability discrimination. *Initial Decision*, 2011 MSPB LEXIS 6594, at *13.

On July 31, 2012, the Board issued a Final Decision denying Stewart's petition for review. First, the Board declined to consider Stewart's arguments relating to her EEO complaint on grounds that they were not raised below. The Board then rejected Stewart's claim that the AJ erred in weighing the evidence, noting that, under *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325 (1994)—the case upon which Stewart relied—the Board can consider undisputed documentary evidence to determine whether an appellant has made nonfrivolous allegations of jurisdiction.

The Board found that: (1) Stewart was separated from her position because she had been on LWOP status for over a year; and (2) her non-work-related injuries prevented her from resuming her duties. As to Stewart's assertion that her second claim remained open, the Board noted that, although the record contains no formal termination notice for that claim, she received a letter on September 29, 2009 informing her that the OWCP no longer considered her medically eligible for wage loss compensation. The Board also found that, because Stewart received notice of her restoration rights in conjunction with her first claim, she could not reasonably argue that she was unaware of those rights.

Stewart timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from the Board is limited. We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews *de novo. Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed. Cir. 1999); *Middleton v.*

*Dep't of Defense,* 185 F.3d 1374, 1379 (Fed. Cir. 1999). An appellant has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); *Clark v. U.S. Postal Serv.,* 989 F.2d 1164, 1167 (Fed. Cir. 1993).

The Federal Employees' Compensation Act, 5 U.S.C. § 8101, provides that federal employees who suffer on-the-job compensable injuries enjoy certain rights to be restored to their previous or comparable positions. An injured or former employee of the U.S. Postal Service who believes that her reemployment priority rights have been violated may appeal certain denials of restoration to the Board. *See* 5 C.F.R. § 353.304.

Establishing Board jurisdiction requires a two-step inquiry. *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1102 (Fed. Cir. 2011). First, the petitioner "must meet the threshold requirement of making non-frivolous allegations of fact which, if true, would be sufficient to establish the Board's jurisdiction." *Id.* (citing *Garcia v. Dept. of Homeland Sec.*, 437 F.3d 1322, 1330 (Fed. Cir. 2006) (en banc)). If the petitioner makes nonfrivolous allegations of jurisdiction, "then and only then will the petitioner be entitled to a jurisdictional hearing at which the petitioner must prove jurisdiction by preponderant evidence." *Id.* (citing *Garcia*, 437 F.3d at 1344). If the petitioner proves jurisdiction by a preponderance of the evidence, then—and only then—can the Board reach the merits of the appeal. *Id.* As discussed below, the jurisdictional requirements differ based on whether the petitioner is asserting restoration as a fully-recovered employee or as an employee who has only partially recovered.

On appeal, Stewart argues that the Board failed to consider certain facts and applied the wrong law. With respect to the facts, Stewart alleges that the AJ erred in failing to conduct a hearing to resolve what Stewart characterizes as disputed factual issues. She also complains that the AJ did not inform her when the record would close. As explained below, because Stewart failed

to make a nonfrivolous allegation of Board jurisdiction, she was not entitled to a jurisdictional hearing. And, contrary to Stewart's assertions, the AJ's Acknowledgment Order stated that Stewart had the burden to prove the Board's jurisdiction, and that the record would close twenty-five days from the date of the order. RA 27.

With respect to the law, Stewart appears to argue that she was entitled to restoration under 5 C.F.R. § 353.301(b), which provides certain rights for federal employees who have fully recovered from work-related injuries. Stewart also seems to argue that she is entitled to restoration under 5 C.F.R. § 353.301(d), which applies to employees who have partially recovered from work-related injuries. For the reasons explained below, Stewart's arguments lack merit.

## A. Fully Recovered

First, Stewart asserted Board jurisdiction as a fully recovered employee. An employee who fully recovers from a compensable injury after one year is entitled to "priority consideration, agencywide, for restoration to the position he or she left or an equivalent one provided he or she applies for reappointment within 30 days of the cessation of compensation." 5 C.F.R. § 353.301(b). "Fully recovered" means "compensation payments have been terminated on the basis that the employee is able to perform all the duties of the position he or she left or an equivalent one." 5 C.F.R. § 353.102.

To establish Board jurisdiction as a fully recovered employee, Stewart must make nonfrivolous allegations that: "(1) [s]he was separated because of a compensable injury; (2) she has fully recovered more than one year after the date she became eligible for OWCP benefits; (3) she requested restoration within 30 days after the cessation of OWCP compensation; and (4) she believes that the agency violated her reemployment priority rights." *Nevins v. U.S. Postal Serv.*, 107 M.S.P.R. 595, 600 (2008).

Here, the AJ and the Board found that Stewart failed to carry her burden as to the first and third jurisdictional elements. As to the first element, the Board found that the agency "separated her because she had been in LWOP status for over a year" and her non-work-related injuries prevented her from fulfilling her work duties. *Final Decision*, 2012 MSPB LEXIS 4305, at *4. With respect to the third element, the AJ found that Stewart failed to timely request restoration within 30 days after compensation ended for both of her OWCP claims. Specifically, the AJ found that the OWCP terminated her first claim effective May 30, 2008, and her second claim terminated on October 16, 2009, when she received her last monetary compensation payment for that claim. Because she failed to request restoration within 30 days of either date, the AJ found—and the Board agreed—that Stewart failed to satisfy the third jurisdictional element. Accordingly, the Board concluded that Stewart failed to make a nonfrivolous allegation of Board jurisdiction.

In this appeal, Stewart seems to assert most of the same arguments she made to the Board.[4] First, she argues that the agency separated her due to her work-related injuries. As the Board found, however, the evidence of record included medical reports providing that Stewart's work-related injuries had ceased and that her restrictions were due to non-work-related conditions. *Final Decision*, 2012 MSPB LEXIS 4305, at *3 ("Nothing in the record would contradict the medical reports identifying the appellant's degenerative conditions or outlining the resultant medical restrictions.").

Stewart also argues that: (1) she was not fully recovered as of October 16, 2009, because she continued to receive medical benefits; and (2) she did not receive

---

[4] Stewart does not renew her argument that her claim presents a "mixed case," and there is nothing in the record to indicate that it does.

sufficient notice that her second claim had terminated. The Board addressed both of these arguments and found that they lacked merit. We agree.

As to the first issue, the Board explained that "[e]ven a fully recovered employee may receive periodic payments for medical expenses related to the compensable injury." *Final Decision*, 2012 MSPB LEXIS 4305, at *5. Indeed, under the Board's case law, "[i]t is the cessation of periodic support payments the injured employee received while temporarily totally or partially disabled, not the termination of payment of scheduled compensation or medical benefits, that triggers a finding that the appellant is fully recovered and entitled to restoration rights." *Nixon v. Dep't of Treasury*, 104 M.S.P.R. 189, 193 (2006).

It is well-established that "an employee is deemed fully recovered from work-related injuries when OWCP benefits cease." *As'Salaam v. U.S. Postal Serv.*, 85 M.S.P.R. 76, 84 (2000) (citations omitted). The OWCP's determination that an employee has fully recovered is "final and conclusive for all purposes and with respect to all questions of law and fact." *Id.* (quoting 5 U.S.C. § 8128(b)(1)).

Here, the OWCP terminated Stewart's first injury claim effective May 30, 2008. Although Stewart argues that the OWCP never terminated her second injury claim, the Board specifically found that: (1) the "September 29, 2009 letter clearly informed her that the OWCP no longer considered her medically eligible for wage loss compensation"; and (2) because she received notice of her restoration rights in connection with her first claim, "she cannot reasonably argue that she was unaware of those rights." *Final Decision*, 2012 MSPB LEXIS 4305, at *5. We find no error in the Board's analysis. Because Stewart did not seek restoration until June 6, 2011—long after the 30 day period had expired—she failed to satisfy the third element of the jurisdictional inquiry. Accordingly, we find no error in the Board's conclusion that Stewart failed to make a

nonfrivolous allegation of jurisdiction as a fully-recovered employee under 5 C.F.R. § 353.301(b).

## B. Partially Recovered

Stewart alternatively suggests that she is a partially recovered employee who is entitled to have the agency "make every effort" to restore her to a job in the local commuting area. *See* 5 C.F.R. § 353.301(d). To establish Board jurisdiction over a partial recovery claim, an employee must prove by preponderant evidence that: (1) she was separated from her position due to a compensable injury; (2) she partially recovered from the injury; (3) she requested restoration; and (4) the agency denied her request. *See Bledsoe*, 659 F.3d at 1104.

As the Board correctly found, because the OWCP terminated Stewart's compensation benefits on grounds that she *fully* recovered from her work-related injuries, she cannot claim restoration rights as a *partially* recovered employee. *See As'Salaam*, 85 M.S.P.R. at 84 (finding that appellant could not assert restoration rights as a partially recovered employee where the OWCP determined that he was fully recovered). In addition, in his March 21, 2011 report, Dr. Shirzad Abrams opined that Stewart was "fully capable of resuming her regular work activities for the United States Postal Service." RA 58. Accordingly, the Board did not err in finding that Stewart failed to make nonfrivolous allegation of jurisdiction as a partially recovered employee.

## CONCLUSION

We find no error in the Board's conclusion that it lacked jurisdiction in this case. And, because Stewart failed to raise nonfrivolous issues of fact relating to jurisdiction, the AJ did not err in finding that no hearing was necessary. *See Bledsoe,* 659 F.3d at 1102 ("If the petitioner makes non-frivolous allegations to support jurisdiction, then and only then will the petitioner be entitled to a jurisdictional hearing at which the petitioner must prove jurisdiction by preponderant evidence.").

For the foregoing reasons, and because we find that Stewart's remaining arguments are without merit, we affirm the Board's decision.

## **AFFIRMED**

### COSTS

No costs.