# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAUL O. WRIGHT,
　　　　　Appellant,

　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
DA-0353-15-0517-I-1

DATE: May 17, 2016

## THIS ORDER IS NONPRECEDENTIAL[1]

Paul O. Wright, Houston, Texas, pro se.

Nadalynn F. Hamilton, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 The appellant formerly was employed by the agency as an Electronic Technician until he retired, effective September 30, 2004. Initial Appeal File (IAF), Tab 5 at 4, 7, 12, Tab 7 at 57. Prior to his retirement, on May 19, 2002, the appellant sustained an on-the-job injury for which he received a schedule award from the Office of Workers' Compensation Programs (OWCP) for 22% permanent partial loss of use of his right upper extremity for the period May 1, 2003, to August 23, 2004. IAF, Tab 5, Subtab 3 at 2. On May 29, 2002, the appellant accepted a limited-duty maintenance assignment, which involved, among other things, cleaning and wiping tables using his left hand and arm. IAF, Tab 8, Subtab 4 at 8. On June 17, 2002, he sustained an on-the-job injury for which he received a schedule award from OWCP for 14% permanent partial loss of use or loss of his left upper extremity for the period April 15, 2003, to February 14, 2004. IAF, Tab 5, Subtab 3 at 3.

¶3 On June 14, 2004, the appellant suffered a recurrence of his June 17, 2002 injury to his left hand. IAF, Tab 8, Subtab 5 at 2. The appellant appears to assert that on June 14, 2004, he was informed that there was no available position that could accommodate his medical restrictions and he was sent home. *Id.* The appellant also asserts that his supervisor refused to assist him in filling out the forms for him to obtain wage loss benefits from OWCP and that, as a result, he retired several months later on September 30, 2004, because he was not being paid or receiving OWCP benefits and needed money. IAF, Tab 5, Subtab 1 at 3, 5, Tab 8, Subtab 5 at 1, Tab 9, Subtab 1 at 7, Subtab 3 at 4. Following his retirement, on March 14, 2013, April 9, 2015, May 11, 2015, and June 10, 2015, the appellant sent letters to the agency requesting restoration to duty based both on his alleged partial and full recovery from a compensable injury, to which he contends the agency failed to respond. IAF, Tab 5, Subtab 5 at 1-3, 5.

¶4 On July 14, 2015, the appellant filed a restoration appeal with the Board. IAF, Tab 1, Tab 5, Subtab 1. The administrative judge provided him with notice

of his burden of establishing jurisdiction over a restoration appeal under 5 C.F.R. part 353.[2]  IAF, Tab 4.  Specifically, the administrative judge informed the appellant of his burden of, among other things, making a nonfrivolous allegation that he had been "separated or furloughed from an appointment without time limitation . . . as a result of a compensable injury" and afforded him an opportunity to submit evidence and argument on that threshold issue.  *Id.* at 1 (citing 5 C.F.R. § 353.103(b)).

¶5        The appellant filed several responses.  IAF, Tabs 5, 8-11.  With one of his responses, he submitted a March 10, 2014 letter from OWCP to his Congressman responding to the appellant's "concerns regarding his work status and compensation for lost wages regarding his accepted work related injury for his left trigger finger."  IAF, Tab 8, Subtab 5 at 3.  In the letter, OWCP stated that it had accepted the appellant's June 14, 2004 recurrence of injury claim on February 18, 2005, approximately 5 months after he had retired.  *Id.*  OWCP further indicated that, because the appellant had filed a Form CA-7, Claim for Compensation, covering the period from June 15 through June 24, 2004, it would pay him a total of $1,204.40 in wage loss benefits for that period.  *Id.*  The appellant included a copy of a March 14, 2014 check from OWCP, which he contends he should have received in July 2004, not March 2014, and without having to have his Congressman intervene.  *Id.* at 4.  The appellant also submitted a copy of his Postal Service Form 50, which reflects that his last day in pay status was June 14, 2004, and that, as of the effective date of his retirement, he was in a

---

[2] Consistent with the decision of the U.S. Court of Appeals for the Federal Circuit in *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1102 (Fed. Cir. 2011), the administrative judge informed the appellant that, to prove jurisdiction over his appeal, he would need to first make nonfrivolous allegations of Board jurisdiction, and then he would be entitled to a jurisdictional hearing at which he would be required to prove jurisdiction by preponderant evidence.  IAF, Tab 4 at 2.  However, the Board's revised regulation, effective March 30, 2015, and applicable in any appeal filed on or after March 30, 2015, modified the burden of proof for establishing jurisdiction over restoration appeals to require only nonfrivolous allegations of jurisdiction.  *See* 5 C.F.R. § 1201.57(b).

status of leave without pay due to an injury on duty (LWOP/IOD). IAF, Tab 5, Subtab 3 at 1.

¶6 The agency filed a motion to dismiss, asserting, among other things, that the Board lacks jurisdiction because the appellant's retirement was voluntary and "wholly unrelated to any prior compensable injury he may have had."[3] IAF, Tab 7 at 4.

¶7 The administrative judge issued an initial decision,[4] dismissing the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID). The administrative judge found that the appellant failed to make a nonfrivolous allegation that he was separated as a result of a compensable injury because his submissions reflected that his OWCP benefits terminated on August 23, 2004, over a month before he retired and also that the reason he retired was because he needed money. ID at 1-3.

¶8 The appellant has filed a petition for review in which he asserts that he is a preference eligible who was forced to retire[5] because he needed money based on the fact that he had been on LWOP/IOD, the agency did not have a light-duty

---

[3] The agency did not respond to the appellant's contentions regarding his requests for restoration, and it did not submit its case file concerning his restoration claim because he had not been employed since 2004 and it was waiting to receive his archived personnel file. IAF, Tab 7 at 4 n.1.

[4] The appellant did not request a hearing. IAF, Tab 5, Subtab 1 at 2.

[5] It is not clear whether the appellant is raising this issue merely in support of his restoration claim or whether he is attempting to bring an involuntary retirement appeal. On remand, the administrative judge should clarify whether the appellant is attempting to bring an involuntary retirement appeal, and, if so, provide him with notice of his jurisdictional burden. Because the appellant retired in 2004, there would be a question as to the timeliness of such an appeal. However, the issues of timeliness and jurisdiction typically are inextricably intertwined in an appeal based on an alleged involuntary retirement because, if the agency has subjected the employee to an appealable action, then the agency's failure to inform an employee of his right to appeal may excuse an untimely filed Board appeal. *See Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 5, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). We make no findings as to whether the Board would have jurisdiction over such an appeal or whether it would be timely.

position for him, and his supervisor refused to fill out paperwork for him to receive OWCP benefits. Petition for Review (PFR) File, Tab 1 at 2.[6] The agency has opposed the appellant's petition. PFR File, Tab 3. The appellant has filed a reply.[7] PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9 The Federal Employees' Compensation Act (FECA) and its implementing regulations provide that Federal employees who suffer on-the-job compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. §§ 8101, 8151; 5 C.F.R. part 353; *see Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008). To be entitled to any restoration rights under 5 C.F.R. part 353, an employee must have been "separated or furloughed from an appointment without time limitation . . . as a result of a compensable injury." 5 C.F.R. § 353.103(b). Although the regulation speaks only in terms of an employee separated "as a result of a compensable injury," the Board has interpreted this to mean that the separation was "substantially related to" a compensable injury. *See, e.g.*, *Mobley v. U.S. Postal Service*, 86 M.S.P.R. 161, ¶ 6 (2000); *Wright v. U.S. Postal Service*, 62 M.S.P.R. 122, 128, *aff'd*, 42 F.3d

---

[6] On review, the appellant also submits various documents. PFR File, Tabs 1, 4. Except for a medical record dated December 8, 2015, all of these documents are dated prior to the close of the record on appeal and were not submitted below. We have not considered them because he has not established that they were not available previously despite his due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The December 8, 2015 medical record, PFR File, Tab 1 at 1, is not material to our decision to remand; however, the administrative judge should consider this record on remand.

[7] On May 2, May 6, and May 9, 2016, the appellant submitted additional pleadings. PFR File, Tabs 6-8. Because the record in this matter already had closed upon the expiration of the period for filing the reply to the response to the petition for review, *see* 5 C.F.R. § 1201.114(k), and because the appellant did not comply with the Board's regulation that required him to file a motion and obtain leave to submit an additional pleading, *see* 5 C.F.R. § 1201.114(a)(5), we have not considered these pleadings on review. However, the administrative judge should consider the appellant's additional pleadings on remand.

1410 (Fed. Cir. 1994) (Table); *Brown-Cummings v. Department of Health & Human Services*, 39 M.S.P.R. 627, 630 (1989). A compensable injury is a medical condition accepted by OWCP to be job related and for which medical or monetary benefits are payable pursuant to FECA. *Tat*, 109 M.S.P.R. 562, ¶ 9.

¶10    Although the typical restoration appeal involves a situation in which a fully or partially recovered employee exercises a restoration right after having been separated from Federal service for a period of time, the Board has held that an employee need not show that he was separated from duty, merely that he was absent from his position due to a compensable injury, e.g., on sick leave or leave without pay (LWOP). *Wilson v. U.S. Postal Service*, 98 M.S.P.R. 679, ¶ 9 (2005). A compensably injured individual who has been separated from Federal service is not precluded from exercising restoration rights merely because the separation was voluntary rather than involuntary. *See Hays v. Department of the Air Force*, 84 M.S.P.R. 443, ¶ 16 (1999); *Morman v. Department of Defense*, 84 M.S.P.R. 96, ¶ 6 (1999).

The appellant nonfrivolously alleged that his separation resulted from, or was substantially related to, a compensable injury.

¶11    The administrative judge found that the appellant failed to nonfrivolously allege that he was separated as a result of a compensable injury because his OWCP benefits terminated on August 23, 2004, over a month before his separation via voluntary retirement on September 30, 2004. ID at 3. The administrative judge appears to have based this finding solely on the appellant's schedule awards, without considering OWCP's retroactive award of wage loss benefits.

¶12    Under FECA, a schedule compensation award involves compensation for a permanent disability due to "the loss, or loss of use, of a member or function of the body or involving disfigurement" without regard to the effect of that loss on an employee's earning capacity or ability to perform the functions of his position. 5 U.S.C. § 8107(a); *see Carter v. U.S. Postal Service*, 27 M.S.P.R. 252, 254-55

(1985).  The employee is entitled to "basic compensation" for the disability for a predetermined number of weeks as set forth in the statutory compensation schedule.  5 U.S.C. § 8107(a), (c).  A schedule compensation award is "in addition to compensation for temporary total or temporary partial disability."  5 U.S.C. § 8107(a)(3).

¶13      In contrast, periodic support payments, or wage loss benefits, for a total or partial disability are available only if the claimant submits evidence that he is incapacitated, because of an employment injury, to earn the wages he was receiving at the time of injury.  5 U.S.C. §§ 8105-8106; *Hays*, 84 M.S.P.R. 443, ¶ 16 (explaining that, by awarding wage loss benefits to the appellant, OWCP made an implicit finding that the appellant's compensable injury made her incapable of earning the wages she was receiving at the time of the injury); 20 C.F.R. § 10.115(f) (stating that, to obtain wage loss benefits, the claimant must submit medical evidence showing that the condition claimed is disabling); 20 C.F.R. § 10.5(f) (defining disability as the incapacity, because of an employment injury, to earn the wages the employee was receiving at the time of injury).

¶14      It is the cessation of the periodic support payments while temporarily totally or partially disabled, not the payment of a schedule award for a permanent injury, that triggers the restoration rights set forth in 5 C.F.R. § 353.304.  *See Stewart v. Merit Systems Protection Board*, 534 F. App'x 956, 962 (Fed. Cir. 2013);[8] *Nixon v. Department of the Treasury*, 104 M.S.P.R. 189, ¶ 9 (2006); *Carter*, 27 M.S.P.R. at 255.  Thus, the fact that the appellant received two schedule awards does not give rise to restoration rights.

¶15      Nonetheless, as set forth below, we find that the appellant has nonfrivolously alleged that his separation was a result of, or substantially related

---

[8] The Board may choose to follow nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit if, as here, it finds the reasoning persuasive.  *E.g.*, *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

to, his compensable injury. The evidence submitted by the appellant indicates that he retired approximately 3 months after he suffered a recurrence of a work‑related injury on June 14, 2004, his last day in a pay status. IAF, Tab 5, Subtab 3 at 1, Tab 8, Subtab 5 at 2. The appellant appears to have been on LWOP/IOD status until he retired, effective September 30, 2004. IAF, Tab 5, Subtab 3 at 1. Although difficult to discern, we interpret the appellant's pleadings as alleging that, from June 14, 2004, until he retired, he was told no duties within his medical restrictions were available, he was instructed to go home, his supervisor refused to fill out the forms so that he could receive wage loss benefits from OWCP, and he was forced to retire because he needed money. IAF, Tab 5, Subtab 1 at 3, 5, Tab 8, Subtab 5 at 1-2, Tab 9, Subtab 1 at 7, Subtab 3 at 4.

¶16    The record is consistent with such contentions. For example, the appellant submitted contemporaneous documentation reflecting his attempts to have his supervisor sign a CA-2A notice of recurrence form or a CA-7 claim for compensation form. IAF, Tab 9, Subtab 1 at 7. Further, following his retirement, on February 18, 2005, OWCP accepted the appellant's notice of recurrence and, in 2014, awarded him retroactive wage loss benefits for the period from June 15 through June 24, 2004. IAF, Tab 8, Subtab 5 at 3. In awarding the appellant wage loss benefits for this period, OWCP implicitly found that the appellant suffered from a compensable injury that rendered him incapable of earning the wages he was earning at the time of the injury. 20 C.F.R. §§ 10.5(f), 10.115(f); *see Hays*, 84 M.S.P.R. 443, ¶ 16. Although the record does not reflect that the appellant received wage loss benefits following June 24, 2004, he may have been entitled to them in light of his assertions concerning the problems he experienced submitting the requisite paperwork, which appear to some extent to be corroborated by the fact that it was not until 2014 that OWCP awarded him benefits for the period from June 15 through June 24, 2004.

¶17    Based on the unique circumstances of this case, including OWCP's wage loss award, the appellant's apparent LWOP/IOD status, and his contentions that he retired because he needed money and the agency failed to assist him in obtaining OWCP benefits for an injury that, following his retirement, OWCP determined to be work related, we find that the appellant has raised a nonfrivolous allegation that his separation resulted from, or was substantially related to, a compensable injury.  *See Hays*, 84 M.S.P.R. 443, ¶¶ 16-17 (finding that the appellant established that her separation resulted from, or was substantially related to, her compensable injury because OWCP awarded her retroactive wage loss benefits following her retirement and thus, when she retired, she was separated from a position that OWCP determined she was disabled from performing due to a compensable injury); *Morman*, 84 M.S.P.R. 96, ¶ 6 (finding the appellant raised a nonfrivolous allegation that her separation resulted from, or was substantially related to, her compensable injury when she alleged that the agency forced her to resign by refusing to accommodate a work-related medical condition, for which OWCP awarded her benefits retroactive to the day following her resignation).

The appellant has established Board jurisdiction over his restoration appeal.

¶18    To establish jurisdiction over a restoration appeal as a partially recovered individual, the appellant must make nonfrivolous[9] allegations of the following: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under

---

[9] Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007); *see* 5 C.F.R. § 1201.4(s).

5 C.F.R. § 353.301(d). *See Bledsoe*, 659 F.3d at 1104 (applying the former preponderant evidence standard); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012) (same); 5 C.F.R. § 1201.57 (providing for a nonfrivolous allegation jurisdictional standard for restoration appeals filed on or after March 30, 2015). If the appeal is within the Board's jurisdiction and timely filed, the appellant is required to prove the merits of the appeal by preponderant evidence. 5 C.F.R. § 1201.57(c)(4).

¶19    In addition to nonfrivolously alleging that he was absent due to a compensable injury, we also find that the appellant has made nonfrivolous allegations as to the remaining three jurisdictional elements. The appellant submitted a functional capacity evaluation report dated November 12, 2014, which indicates that his position requires a medium physical demand level and he was performing at a light-medium physical demand level with moderate functional deficit. IAF, Tab 1 at 17-35. We find this sufficient to constitute a nonfrivolous allegation that the appellant was partially recovered and able to return to duty in some capacity with restrictions. The appellant also submitted letters dated April 9, May 11, and June 10, 2015, which he contends he sent to the agency requesting restoration based upon his partial recovery and alleges that the agency disregarded his requests by failing to respond or act upon them. IAF, Tab 1 at 6-7, Tab 5, Subtab 5 at 2-3, 5. We find that such assertions constitute nonfrivolous allegations that the agency denied him restoration and that the denial was arbitrary and capricious on the basis that the agency did not even attempt to find work for him. *See Urena v. U.S. Postal Service*, 113 M.S.P.R. 6, ¶ 13 (2009) (finding evidence that the agency failed to search the commuting area as required by 5 C.F.R. § 353.301(d) constitutes a nonfrivolous allegation that the agency acted arbitrarily and capriciously in denying restoration).

¶20    Accordingly, we find that the appellant has established Board jurisdiction over his restoration appeal based upon his status as a partially recovered employee. The appellant did not request a hearing; however, we decline to rule

on the merits because the parties should be given notice and an opportunity to file submissions regarding the merits of the appeal prior to the issuance of a decision on the merits. *See Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010). Thus, under the circumstances, remand is appropriate.[10]

---

[10] The appellant also alleged that the agency denied him restoration following his full recovery. IAF, Tab 5, Subtab 5 at 1. To meet the definition of fully recovered under the regulations, OWCP must have terminated his benefits on the basis that he was able to perform all the duties of his position or an equivalent one. 5 C.F.R. § 353.102; *see Steinmetz v. U.S. Postal Service*, 106 M.S.P.R. 277, ¶ 8 (2007) (stating that the requirement that OWCP first find an individual to be fully recovered is a prerequisite to a Board finding that an individual is fully recovered), *aff'd*, 283 F. App'x 805 (Fed. Cir. 2008); *see also Morman*, 84 M.S.P.R. 96, ¶ 7 (explaining that the regulations equate fully recovered with an OWCP decision to terminate benefits on the basis that the employee is able to perform all the duties of the position he left or an equivalent one). Thus, the appellant's entitlement to OWCP benefits and the duration of such benefits must be clarified before a determination may be made as to whether the agency denied him reemployment priority rights. In light of the appellant's contentions that he was improperly denied OWCP benefits, on remand, the administrative judge should afford the parties an opportunity to submit evidence and argument concerning the appellant's eligibility for OWCP benefits and the duration of any such benefits. The administrative judge then should determine whether the appellant has met his burden of making nonfrivolous allegations regarding the applicable substantive jurisdictional elements, and, if so, address the merits. *See Nevins v. U.S. Postal Service*, 107 M.S.P.R. 595, ¶ 11 (2008) (setting forth the jurisdictional elements for a claim involving a fully recovered individual); 5 C.F.R. § 1201.57(b) (modifying the burden of proof for establishing jurisdiction over restoration appeals to a nonfrivolous standard for appeals filed on or after March 30, 2015).

**ORDER**

¶21     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.