**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOCELYN STANLEY, | DOCKET NUMBER |
| Appellant, | PH-0752-18-0431-I-1 |
| v. | |
| SOCIAL SECURITY | DATE: April 5, 2024 |
| ADMINISTRATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas J. Gagliardo, Baltimore, Maryland, for the appellant.

Jessica Craig, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed without good cause shown or, alternatively, for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that we need not reach the jurisdictional issue because the appeal was untimely, we AFFIRM the initial decision.

## BACKGROUND

The agency issued a January 23, 2018 notice in which it proposed removing the appellant from her Benefit Authorizer position for absence without leave (AWOL). Initial Appeal File (IAF), Tab 7 at 18-29. The parties subsequently entered into a "Last Chance Agreement" (LCA). *Id.* at 31-35. Pursuant to that agreement, the agency agreed to hold the removal decision in abeyance for 24 months. *Id.* at 32. In exchange, the appellant agreed to improve her overall conduct and to comply with agency procedures for requesting and obtaining approved leave. *Id.* at 32-33. She further indicated she understood that any further misconduct, as determined by management, would result in her removal. *Id.* at 32. The appellant also explicitly waived her appeal rights. *Id.* at 32, 34. On July 9, 2018, the agency notified the appellant that she had been AWOL on 18 different occasions, violating the LCA, and it was implementing her removal effective immediately. IAF, Tab 13 at 4-8.

The appellant filed an appeal in which she argued that the agency could not prove the misconduct which allegedly violated the LCA. IAF, Tab 1 at 4.

The administrative judge issued an order setting forth the appellant's burden to establish jurisdiction over an appeal involving an LCA waiving future appeal rights. IAF, Tab 8 at 1-2. In response, the appellant asserted that 5 of the 18 instances of AWOL were not a basis for discipline and could not constitute violations of the LCA. IAF, Tab 10 at 5. As to the remaining allegations, she argued that the agency was required to provide proof of the alleged violations and had not done so. *Id.*

The administrative judge also issued an order setting forth the appellant's burden regarding the timeliness of the appeal. IAF, Tab 9 at 1-3. In response, the appellant asserted that, as a result of a presidential executive order, her union representative had been deprived of office space, telephones, and bulletin boards, which the agency had previously supplied. IAF, Tab 12 at 4.

Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction or as untimely filed without good cause shown. IAF, Tab 14, Initial Decision (ID) at 1, 5. Specifically, the administrative judge found that the appeal was untimely filed by 5 days and the appellant's argument that the untimeliness of her appeal was caused by disruption of union activities following an executive order did not constitute good cause. ID at 3-4. She also found that the appellant had only disputed 5 of the 18 instances of AWOL but did not dispute that she was AWOL on the other 13 instances. ID at 4-5. The administrative judge found that this assertion was insufficient to show that she complied with the LCA; thus, the Board lacked jurisdiction. ID at 1, 4-5.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition; however, we have not considered its response because it was untimely filed without good cause shown.[2] PFR File, Tab 4.

---

[2] The agency's response to the appellant's petition for review was due on or before February 11, 2019. PFR File, Tab 2 at 1, Tab 5 at 1; *see* 5 C.F.R. § 1201.114(e) (requiring responses to petitions for review be filed within 25 days of service of the petition for review). The agency did not file its response until February 28, 2019.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On review, the appellant challenges the administrative judge's findings on both the timeliness and jurisdictional issues. PFR File, Tab 1 at 2-3. She reiterates her argument that she demonstrated good cause for the untimely filing of her appeal due to the presidential executive order and that the agency did not submit proof that she had violated the LCA. *Id.*

<u>We affirm the administrative judge's finding that the appeal was untimely filed.</u>

An appeal must be filed within 30 days after the effective date of the action being appealed, or 30 days after the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The appellant bears the burden of proving by preponderant evidence that she timely filed her appeal, or that there was a good reason for the delay. 5 C.F.R. §§ 1201.22(c), 1201.56(b)(2)(i)(B). Here, the appellant received the removal decision on July 9, 2018, and her removal was effective that same day. IAF, Tab 13 at 4-8. Thus, to be timely, the appellant was required to file her appeal by August 8, 2018. However, her appeal was filed on August 13, 2018, 5 days late. IAF, Tab 1.

To establish good cause for an untimely appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her

---

PFR File, Tab 4. Although the Office of the Clerk of the Board offered the agency the opportunity to show good cause for the untimely filing, it has not responded. PFR File, Tab 5. Under these circumstances, we find that the agency has failed to demonstrate good cause for the untimeliness of its response. *See* 5 C.F.R. § 1201.114(g) (setting forth the requirements for a party to show good cause for its untimely filing).

petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

On review, the appellant reasserts her argument that her untimely appeal was attributable to the presidential executive order allegedly impairing her communications with her union representative. PFR File, Tab 1 at 2. However, as the administrative judge correctly found, an appellant is responsible for the actions of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Moreover, the administrative judge found that the appellant did not demonstrate that she exercised due diligence or ordinary prudence under the circumstances and that any impact the presidential order may have had did not justify the appellant's inaction during the entire appeal period. ID at 3-4. We agree.

In making this determination, we have considered that it does not appear that the agency notified the appellant of any appeal rights that she might have of her removal. IAF, Tab 13 at 4-8. The Board ordinarily will excuse untimeliness in filing an appeal if an agency should have given notice of a right of appeal but did not, so long as the appellant "acted promptly and within the allowable time limits once he was aware of the basis of his claim." *Gordy v. Merit Systems Protection Board*, 736 F.2d 1505, 1508 (Fed. Cir. 1984). In *Clark v. U.S. Postal Service*, 989 F.2d 1164, 1169-70 (Fed. Cir. 1993), the court held that an agency is required to provide such notice to an employee being removed pursuant to an LCA that includes a waiver of Board appeal rights only "if and when the employee puts the agency on notice that he or she contests the agency's assertion of a breach of the agreement." In this case, we find no indication in the record that the appellant put the agency on notice that she was contesting the agency's assertion of a breach of the LCA before filing the instant appeal. Thus, the agency had no corresponding obligation to give her notice of Board appeal rights, and its failure to do so does not excuse the untimely filing of her appeal. *Id.* at 1170.

The initial decision states that the appeal is alternatively being dismissed for lack of jurisdiction. ID at 1. Because we agree with the administrative judge's finding that the appeal was untimely, we do not reach the jurisdictional issue. *See Popham v. U.S. Postal Service*, 50 M.S.P.R. 193, 196-97 (1991) (finding that the Board need not dismiss an appeal for lack of jurisdiction if the record shows that the appeal should be dismissed as untimely).

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>.** This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.